William Alton CARTWRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 64721.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 17, 1980.

James A. Moore, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., & Larry P. Urquhart & John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appeal follows conviction, upon a plea of nolo contendere, for the offense of aggravated assault wherein the trial court assessed punishment at confinement in the Texas Department of Corrections for ten years. Imposition of the sentence was, however, suspended and appellant placed on probation for a period of ten years. The victim of the assault is a peace officer against whose person appellant caused the motor vehicle operated by him to collide, with serious injuries resulting.

In the sole ground of error presented, complaint is made that the trial court abused its discretion and committed reversible error in setting restitution in this cause at $36,000.00 in that there was no probative evidence to support that amount. Though we are constrained to agree that the trial court did err in setting the amount of restitution as it did, a reversal of the instant conviction does not necessarily follow. We will abate the appeal, set aside the amount of restitution and remand for an evidentiary hearing to determine the amount of restitution to be ordered paid by appellant.

At the outset, we note that a transcription of the court reporter's notes has not been forwarded to this Court for review. Though this would preclude any review had a sufficiency to the evidence as it relates to the instant conviction been raised, see generally *Herbort v. State*, 422 S.W.2d 456 (Tex.Cr.App.1967), such is not the case here.[1] The thrust of appellant's contention is that there is no evidence tending to show that the restitution sum in question is just. It is true, as the State points out in its brief, that a presentence investigation report included in this record sheds some light on the issue of restitution, but we do not agree that the report ". . . provide[s] a sufficient factual basis for the trial court's determination of restitution." Though there is mention in the report as to the victim's financial losses, there is no documentation of the type which would otherwise lead us to conclude that $36,000.00 would "make this victim whole."[2]

---

1. It appears from docket sheet entries showing assessment of punishment and grant of probation that evidence was not taken; thus, the entry that the trial court "after reviewing the presentencing investigation" made its ruling.

2. Indeed, in the "impression" section of the report we read: "Since there might be some question as to the proper amounts of restitution that should be paid, this officer cannot provide a summary concerning these amounts of restitution." It is suggested by the officer, however, that elsewhere in the report there are figures of losses incurred from which the trial court "might determine the proper and fair amount of restitution . . ." Among other

Certainly whether to order restitution as a condition of probation is within the sound discretion of the trial court. But the dollar amount is a matter that the court "shall determine," Article 42.12, § 6 h, V.A. C.C.P. Due process considerations thus implicated require that there must be evidence in the record to show that the amount set by the court has a factual basis. *Thompson v. State*, 557 S.W.2d 521, 525–526 (Tex.Cr. App.1977). In *Thompson*, supra, the Court vacated imposition of a condition for restitution in the amount of $12,000.00 because there was no evidence tending to show that the sum was "just." Rejected was the State's contention therein that since the trial judge was able to observe the victim in court and consider evidence relating to the victim's condition at the emergency room, there was a sufficient basis for the setting that amount of restitution. In the case at bar, we have nothing more to review than a presentence investigation report which, aside from being hearsay, does not constitute such evidence that a just determination may be made from it. It follows then, that to uphold the trial court's actions on the strength of nothing more probative than a presentence investigation report would work an injustice on this appellant.[3]

However, since the error above discussed relates to one probationary condition only and since the trial court set that condition, we remand this cause to the trial court for a hearing to determine the just amount of restitution to be ordered. Compare *Bullard v. State*, 533 S.W.2d 812, 816 (Tex.Cr. App.1976).

The appeal is abated. The amount of restitution set aside and the cause remanded for a hearing to determine a just amount of restitution.

It is so ordered.

---

losses specified is just over twelve thousand dollars paid by an insurance company for medical expenses incurred by the injured insured victim; another is almost two thousand dollars in workers' compensation benefits distributed by the same insurance company to the covered injured party. We also note that at the time of the assault upon him the complainant was working at part–time employment by a private corporation rather than performing his regular duties as an officer of the Houston Police Department; from his private employer the complainant "has received full medical benefits and workmen [sic] compensation benefits," according to the probation officer's report. We are not informed from this record what consideration, if any, was given to these factors.

3. We are aware of allegations in the first paragraph of appellant's second amended motion for new trial, but as in the case of the informal bench discussion in *Thompson*, supra, note 1, the allegations are not evidence.