

**NUMBER 13-07-239-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**JOSHAWA FRANKLIN CHILDS,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

**On appeal from the 9th District Court
of Montgomery County, Texas**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Vela**

Appellant, Joshawa Franklin Childs, pleaded guilty to burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (Vernon 2003). In a single issue, Childs argues that the trial court abused its discretion in setting the amount of restitution. Specifically, Childs asserts (1) there was insufficient evidence to

support the amount ordered, and (2) the amount includes sums from crimes for which he was not charged. We affirm.

## A. Facts

On May 2, 2006, Childs and four accomplices[1] were indicted for burglarizing the home of Candy Searcy. Childs pleaded guilty in exchange for the court deferring adjudication and placing Childs on five years probation. In addition, there would be a hearing to determine restitution.

At that hearing, the only evidence presented was the testimony of Detective Toby McLaughlin, who described the statements Childs had made to him and the money authorities had recovered. Originally Childs had made a written statement that his share from the burglary was $50,000, but in an interview with Detective McLaughlin he admitted that he took much more. Childs said that during the burglary he skimmed $40,000 and hid it in his pants. He and his accomplices then divided the remaining cash among themselves, with Childs receiving a $40,000 share. Some time later, he took from a shoe box the shares of two of his accomplices, totaling $80,000, giving Childs control over a total of $160,000.

When asked how much had been recovered from Childs, Detective McLaughlin cited money recovered from his backpack ($77,700) and friends ($21,000). In addition, Detective McLaughlin recovered some cash that Childs and his friends had spent at a jewelry store, of which $1,500 was from Childs. Finally, some merchandise was recovered from a car belonging to one of Childs's accomplices. There was $12,515 of merchandise

[1]The accomplices were Anthony Michael Earl, Christina Marie Randall, Nicole Ann Searcy, (the victim's daughter) and Joseph Emory Thompson. They are not parties to this appeal.

2

for which receipts were recovered, and other merchandise for which there was no receipt and for which Detective McLaughlin offered no estimate. Detective McLaughlin gave Childs credit for one-fifth of the merchandise for which there was receipts ($2,500) concluded that there was "roughly $55,000" still unaccounted for from the total $160,000 that Childs admitted to possessing. The court accepted Detective McLaughlin's testimony as true and amended Childs's community supervision to require that he pay $55,000 in restitution. Childs appeals.

In his sole issue, Childs contends that the trial court abused its discretion by ordering him to pay $55,000 in restitution as a condition of his community supervision. Specifically, he asserts that there was an insufficient factual basis for the amount. He also asserts that this amount forces him to pay restitution for crimes for which he was not charged.

### B. Standard of Review

We review challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980) ("whether to order restitution as a condition of probation is within the sound discretion of the trial court."); *In re C.T.*, 43 S.W.3d 600, 602 (Tex. App.–Corpus Christi 2001, no pet.). An abuse of discretion occurs if the trial court acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

Texas courts' ability to assign restitution is controlled by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037 (Vernon Supp. 2007). Courts have interpreted the statute as imposing three limits on the amount of restitution a trial court can order. *See Campbell*,

3

5 S.W.3d at 696-97. First, the amount must be just and must have a factual basis within the loss of the complainant. *Id. at 696.* Second, the restitution must be for an offense for which the offender is criminally responsible. *Id.* at 697. Third, the restitution must be paid to the victim or victims of the offense for which the offender is charged. *Id.*

To support a restitution order, the prosecution has the burden of proving, by a preponderance of the evidence, the amount of loss sustained by the victim. TEX. CODE CRIM. PROC. ANN. art. 42.037(k).

## C. Insufficient Factual Basis

Childs first argues that there is no factual basis for the amount of restitution because Detective McLaughlin only testified about the amount of money that Childs said he gained, but the statutory requirement is that the prosecution prove "the amount of the loss sustained by the victim. . . ." *Id.* It is not, however, an abuse of a trial court's discretion to infer that the amount stolen directly correlates to the amount that a theft victim loses. The fact that the prosecutor used Childs's words to carry his burden of proof regarding the amount of the victim's loss does not mean that he failed to carry the burden. Here, the theft involved a large sum of cash, and the offenders later met to divide the proceeds among themselves. If anyone is in a position to know how much was stolen, it would be the offenders. Childs told authorities that he stole $160,000; in light of the $102,700 recovered from him, it was within the trial court's discretion to believe him.

## D. Failure to Use Values From a Presentence Investigation Report

Childs also contends that the trial court should have used the presentence investigation report as the basis of the restitution amount. The report estimated the victim's loss at $50,000 cash, $100,000 in jewelry, two guns worth a combined $450, and a broken

4

window valued at $200.[2] If the sums recovered from Childs and the other accomplices were subtracted from the $150,650 total in the presentence recommendation, the amount would be significantly smaller than the $55,000 Childs was ordered to pay.[3]

There is, however, nothing in statute or case law that obliges courts to follow the amount listed in a presentence investigation report. The statute authorizing the imposition of restitution leaves the amount up to the discretion of the court, to be based on a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. Art. 42.037(a). We conclude that basing the amount of restitution on Childs's statements instead of the presentence investigation report was not an abuse of discretion.

### E. Unvalued Merchandise

Childs points to the merchandise recovered from an accomplice's car. There was no receipt for a portion of the merchandise, and Childs received no credit for that portion. Detective McLaughlin's estimate gave Childs credit for 1/5th of the value of the merchandise for which there was a receipt, but offered no estimate for the value of the remaining merchandise. Childs argues that this court should order a new hearing to determine the value of the additional merchandise. However, Detective McLaughlin also testified that Childs did not have access to the car. The State, therefore, argues that the trial court could have determined that this merchandise was part of an accomplice's share and not given Childs credit for any of it, thus the court was not obliged to give Childs an accurate credit for all of the merchandise.

---

[2]The pre-sentence investigation report states that these estimates were provided by the complainant's mother, who did not live in the house.

[3]Childs proposes $1,056.40 as the appropriate amount.

In *Campbell*, the defendant was ordered to pay $100,000 in restitution when there was evidence that the defendant caused monetary loss totaling $108,324.56, and the Court of Criminal Appeals held that this reduced amount "had a factual basis." 5 S.W.3d at 696-97. In *Cantrell v. State*, the Texarkana Court of Appeals held that an "arbitrary" restitution award was permissible so long as it was applied in reference to a guiding rule or principle. 75 S.W.3d 503, 512 (Tex. App.–Texarkana 1999, pet. ref'd.). The statute governing restitution allows trial courts to consider "other factors the court deems appropriate" when determining the amount of restitution. TEX. CODE CRIM. PROC. ANN. art. 42.037(c)(2).

Here, there was an arbitrary nature to the calculation of the credit, but it worked toward Childs's advantage. There is no evidence in the record connecting Childs to the merchandise in the car, and no requirement that he receive full credit for that merchandise. If the trial court chose to award him partial credit for the merchandise, so long as there was a basis in fact for the amount, it was within its discretion to do so.

### F. Restitution for Uncharged Crimes

Childs also contends that by assigning him restitution based on the money he took from his accomplices, the trial court based the amount of restitution on crimes for which he was not charged.

There is nothing in the record to indicate when Childs took his accomplices' money from the shoe box. It is possible that money left the shoe box or additional monies entered it between the night the group burglarized Candy Searcy's home and the time Childs took the cash from the shoe box. Again, though, because of his involvement in the burglary and in the meeting where the burglars divided the money, Childs was in a position to know

6

whether the shoe box contained an amount equal to the two accomplices' shares of the stolen cash. Childs told Detective McLaughlin that it did, thus there is a basis for the trial court's decision.

That Childs, of his own initiative, received a larger share of the stolen money than did his co-defendants should not bar the victim from receiving full restitution, nor should the fact that the State is not prosecuting Childs for stealing Candy Searcy's money from his colleagues. Courts are under a statutory obligation to "impose a restitution order that is as fair as possible to the victim . . ." TEX. CODE CRIM. PROC. ANN. art. 42.037(e) (Vernon Supp. 2007). Reducing the amount of restitution based on how the offenders distribute the stolen goods among themselves would be unfair to the victim. We conclude that the trial court did not abuse its discretion in determining the amount of Childs's restitution.

## C. Conclusion

We overrule Childs's issue and affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 19th day of June, 2008.

7