NUMBER 13-07-239-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSHAWA FRANKLIN CHILDS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 9th District Court 

of Montgomery County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela


 

 Appellant, Joshawa Franklin Childs, pleaded guilty to burglary of a habitation, a
second-degree felony. See Tex. Penal Code Ann. § 30.02(a)(1), (c)(2) (Vernon 2003). 
In a single issue, Childs argues that the trial court abused its discretion in setting the
amount of restitution. Specifically, Childs asserts (1) there was insufficient evidence to
support the amount ordered, and (2) the amount includes sums from crimes for which he
was not charged. We affirm.

A. Facts


 On May 2, 2006, Childs and four accomplices (1) were indicted for burglarizing the
home of Candy Searcy. Childs pleaded guilty in exchange for the court deferring
adjudication and placing Childs on five years probation. In addition, there would be a
hearing to determine restitution.

 At that hearing, the only evidence presented was the testimony of Detective Toby
McLaughlin, who described the statements Childs had made to him and the money
authorities had recovered. Originally Childs had made a written statement that his share
from the burglary was $50,000, but in an interview with Detective McLaughlin he admitted
that he took much more. Childs said that during the burglary he skimmed $40,000 and hid
it in his pants. He and his accomplices then divided the remaining cash among themselves,
with Childs receiving a $40,000 share. Some time later, he took from a shoe box the
shares of two of his accomplices, totaling $80,000, giving Childs control over a total of
$160,000.

 When asked how much had been recovered from Childs, Detective McLaughlin
cited money recovered from his backpack ($77,700) and friends ($21,000). In addition,
Detective McLaughlin recovered some cash that Childs and his friends had spent at a
jewelry store, of which $1,500 was from Childs. Finally, some merchandise was recovered
from a car belonging to one of Childs's accomplices. There was $12,515 of merchandise
for which receipts were recovered, and other merchandise for which there was no receipt
and for which Detective McLaughlin offered no estimate. Detective McLaughlin gave
Childs credit for one-fifth of the merchandise for which there was receipts ($2,500)
concluded that there was "roughly $55,000" still unaccounted for from the total $160,000
that Childs admitted to possessing. The court accepted Detective McLaughlin's testimony
as true and amended Childs's community supervision to require that he pay $55,000 in
restitution. Childs appeals.

 In his sole issue, Childs contends that the trial court abused its discretion by
ordering him to pay $55,000 in restitution as a condition of his community supervision. 
Specifically, he asserts that there was an insufficient factual basis for the amount. He also
asserts that this amount forces him to pay restitution for crimes for which he was not
charged.

B. Standard of Review

 We review challenges to restitution orders under an abuse of discretion standard. 
Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980) ("whether to order
restitution as a condition of probation is within the sound discretion of the trial court."); In
re C.T., 43 S.W.3d 600, 602 (Tex. App.-Corpus Christi 2001, no pet.). An abuse of
discretion occurs if the trial court acts without reference to any guiding principles or acts
arbitrarily or unreasonably. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990).

 Texas courts' ability to assign restitution is controlled by statute. See Tex. Code
Crim. Proc. Ann. art. 42.037 (Vernon Supp. 2007). Courts have interpreted the statute as
imposing three limits on the amount of restitution a trial court can order. See Campbell,
5 S.W.3d at 696-97. First, the amount must be just and must have a factual basis within
the loss of the complainant. Id. at 696. Second, the restitution must be for an offense for
which the offender is criminally responsible. Id. at 697. Third, the restitution must be paid
to the victim or victims of the offense for which the offender is charged. Id.

 To support a restitution order, the prosecution has the burden of proving, by a
preponderance of the evidence, the amount of loss sustained by the victim. Tex. Code
Crim. Proc. Ann. art. 42.037(k). 

C. Insufficient Factual Basis

 Childs first argues that there is no factual basis for the amount of restitution because
Detective McLaughlin only testified about the amount of money that Childs said he gained,
but the statutory requirement is that the prosecution prove "the amount of the loss
sustained by the victim. . . ." Id. It is not, however, an abuse of a trial court's discretion to
infer that the amount stolen directly correlates to the amount that a theft victim loses. The
fact that the prosecutor used Childs's words to carry his burden of proof regarding the
amount of the victim's loss does not mean that he failed to carry the burden. Here, the
theft involved a large sum of cash, and the offenders later met to divide the proceeds
among themselves. If anyone is in a position to know how much was stolen, it would be
the offenders. Childs told authorities that he stole $160,000; in light of the $102,700
recovered from him, it was within the trial court's discretion to believe him.

D. Failure to Use Values From a Presentence Investigation Report

 Childs also contends that the trial court should have used the presentence
investigation report as the basis of the restitution amount. The report estimated the victim's
loss at $50,000 cash, $100,000 in jewelry, two guns worth a combined $450, and a broken
window valued at $200. (2) If the sums recovered from Childs and the other accomplices
were subtracted from the $150,650 total in the presentence recommendation, the amount
would be significantly smaller than the $55,000 Childs was ordered to pay. (3)

 There is, however, nothing in statute or case law that obliges courts to follow the
amount listed in a presentence investigation report. The statute authorizing the imposition
of restitution leaves the amount up to the discretion of the court, to be based on a
preponderance of the evidence. See Tex. Code Crim. Proc. Art. 42.037(a). We conclude
that basing the amount of restitution on Childs's statements instead of the presentence
investigation report was not an abuse of discretion. 

E. Unvalued Merchandise

 Childs points to the merchandise recovered from an accomplice's car. There was
no receipt for a portion of the merchandise, and Childs received no credit for that portion. 
Detective McLaughlin's estimate gave Childs credit for 1/5th of the value of the
merchandise for which there was a receipt, but offered no estimate for the value of the
remaining merchandise. Childs argues that this court should order a new hearing to
determine the value of the additional merchandise. However, Detective McLaughlin also
testified that Childs did not have access to the car. The State, therefore, argues that the
trial court could have determined that this merchandise was part of an accomplice's share
and not given Childs credit for any of it, thus the court was not obliged to give Childs an
accurate credit for all of the merchandise.

 In Campbell, the defendant was ordered to pay $100,000 in restitution when there
was evidence that the defendant caused monetary loss totaling $108,324.56, and the
Court of Criminal Appeals held that this reduced amount "had a factual basis." 5 S.W.3d
at 696-97. In Cantrell v. State, the Texarkana Court of Appeals held that an "arbitrary"
restitution award was permissible so long as it was applied in reference to a guiding rule
or principle. 75 S.W.3d 503, 512 (Tex. App.-Texarkana 1999, pet. ref'd.). The statute
governing restitution allows trial courts to consider "other factors the court deems
appropriate" when determining the amount of restitution. Tex. Code Crim. Proc. Ann. art.
42.037(c)(2).

 Here, there was an arbitrary nature to the calculation of the credit, but it worked
toward Childs's advantage. There is no evidence in the record connecting Childs to the
merchandise in the car, and no requirement that he receive full credit for that merchandise. 
If the trial court chose to award him partial credit for the merchandise, so long as there was
a basis in fact for the amount, it was within its discretion to do so.

F. Restitution for Uncharged Crimes

 Childs also contends that by assigning him restitution based on the money he took
from his accomplices, the trial court based the amount of restitution on crimes for which
he was not charged. 

 There is nothing in the record to indicate when Childs took his accomplices' money
from the shoe box. It is possible that money left the shoe box or additional monies entered
it between the night the group burglarized Candy Searcy's home and the time Childs took
the cash from the shoe box. Again, though, because of his involvement in the burglary and
in the meeting where the burglars divided the money, Childs was in a position to know
whether the shoe box contained an amount equal to the two accomplices' shares of the
stolen cash. Childs told Detective McLaughlin that it did, thus there is a basis for the trial
court's decision.

 That Childs, of his own initiative, received a larger share of the stolen money than
did his co-defendants should not bar the victim from receiving full restitution, nor should
the fact that the State is not prosecuting Childs for stealing Candy Searcy's money from
his colleagues. Courts are under a statutory obligation to "impose a restitution order that
is as fair as possible to the victim . . ." Tex. Code Crim. Proc. Ann. art. 42.037(e) (Vernon
Supp. 2007). Reducing the amount of restitution based on how the offenders distribute the
stolen goods among themselves would be unfair to the victim. We conclude that the trial
court did not abuse its discretion in determining the amount of Childs's restitution.

 C. Conclusion


 We overrule Childs's issue and affirm the trial court's judgment.




 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 19th day of June, 2008.
1. The accomplices were Anthony Michael Earl, Christina Marie Randall, Nicole Ann Searcy, (the
victim's daughter) and Joseph Emory Thompson. They are not parties to this appeal.
2. The pre-sentence investigation report states that these estimates were provided by the complainant's
mother, who did not live in the house.
3. Childs proposes $1,056.40 as the appropriate amount.