In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00145-CR

                                                ______________________________

 

 

                               NICHOLAS NOEL SALAZAR,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-1335-09

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            At the time
Nicholas Noel Salazar’s guilt was orally adjudicated[1]
and he was sentenced by the trial court in Smith County,[2]
the court, among other things, ordered “the balance of restitution paid.”  Shortly thereafter, the trial court entered
an order of final adjudication ordering Salazar to pay $11,314.75 as the “amount
of restitution owed.”  On appeal, Salazar
contends there was no evidence supporting the trial court’s restitution award,
such that the balance of restitution owed could not be discerned from the
record.[3]  We disagree.

            “In all
revocations of a suspension of the imposition of a sentence the judge shall
enter the restitution or reparation due and owing on the date of the revocation.”  Tex.
Code Crim. Proc. Ann. art. 42.03, § 2(b) (Vernon Supp. 2010).  We review challenges to restitution orders
under an abuse of discretion standard.  Cantrell v. State, 75 S.W.3d 503, 512
(Tex. App.—Texarkana 2002, pet. ref’d) (citing Cartwright v. State, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel
Op.] 1980)).  A trial court abuses its
discretion when it acts in an arbitrary or unreasonable manner.  Id. (citing
Montgomery v. State, 810 S.W.2d 372,
380 (Tex. Crim. App. 1990)).  The amount
of restitution must be supported by the record. 
Campbell v. State, 5 S.W.3d
693, 696, 699 (Tex. Crim. App. 1999) (citing Cartwright, 605 S.W.2d at 289).

            The trial court’s
finding of $11,314.75 as the “amount of restitution owed” was supported by the
record.  Contained within the trial
court’s previous community supervision order, as amended, was a requirement
that Salazar “[p]ay restitution in the total amount of $11,744.75 at the rate
of $215.00 each month beginning January 2010.”[4]  At the June 2010 hearing, the State alleged
that Salazar failed to pay restitution in March–May of 2010.  Salazar pled “not
true” to this allegation.  Salazar’s
community supervision officer, Lee Chastain, testified that the last time
Salazar made a payment of any sum, including restitution, was February 17,
2010.  Thus, there was sufficient
evidence for the trial court to find that restitution was paid for only two
months, totaling $430.00.  Subtracting
this sum from the amount of restitution initially ordered yields a balance of
$11,314.75.

            Because the
restitution award was supported by the record, we affirm the trial court’s
judgment. 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          November
17, 2010    

Date Decided:             November
18, 2010

 

Do Not Publish











[1]Salazar,
earlier, had been placed on deferred adjudication community supervision after
having pled guilty to burglary of a habitation. 
He subsequently pled true to several violations of community
supervision.  The trial court adjudicated
guilt and sentenced Salazar to eight years’ confinement and a $2,000.00
fine.  Salazar was also ordered to pay
restitution in an amount to be determined. 


 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[3]The
State contends that Salazar waived his point of error on appeal by failing to
object.  A party need not object to
preserve an evidentiary sufficiency claim concerning a restitution order or the
amount of restitution.  Mayer v. State, 309 S.W.3d 552, 555
(Tex. Crim. App. 2010).  





[4]The
amount of restitution initially ordered is not the subject of this appeal.