

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-10-00145-CR

———————————————

NICHOLAS NOEL SALAZAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-1335-09

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

At the time Nicholas Noel Salazar's guilt was orally adjudicated[1] and he was sentenced by the trial court in Smith County,[2] the court, among other things, ordered "the balance of restitution paid." Shortly thereafter, the trial court entered an order of final adjudication ordering Salazar to pay $11,314.75 as the "amount of restitution owed." On appeal, Salazar contends there was no evidence supporting the trial court's restitution award, such that the balance of restitution owed could not be discerned from the record.[3] We disagree.

"In all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution or reparation due and owing on the date of the revocation." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(b) (Vernon Supp. 2010). We review challenges to restitution orders under an abuse of discretion standard. *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd) (citing *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980)). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). The

---

[1]Salazar, earlier, had been placed on deferred adjudication community supervision after having pled guilty to burglary of a habitation. He subsequently pled true to several violations of community supervision. The trial court adjudicated guilt and sentenced Salazar to eight years' confinement and a $2,000.00 fine. Salazar was also ordered to pay restitution in an amount to be determined.

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]The State contends that Salazar waived his point of error on appeal by failing to object. A party need not object to preserve an evidentiary sufficiency claim concerning a restitution order or the amount of restitution. *Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010).

amount of restitution must be supported by the record. *Campbell v. State*, 5 S.W.3d 693, 696, 699 (Tex. Crim. App. 1999) (citing *Cartwright*, 605 S.W.2d at 289).

The trial court's finding of $11,314.75 as the "amount of restitution owed" was supported by the record. Contained within the trial court's previous community supervision order, as amended, was a requirement that Salazar "[p]ay restitution in the total amount of $11,744.75 at the rate of $215.00 each month beginning January 2010."[4] At the June 2010 hearing, the State alleged that Salazar failed to pay restitution in March–May of 2010. Salazar pled "not true" to this allegation. Salazar's community supervision officer, Lee Chastain, testified that the last time Salazar made a payment of any sum, including restitution, was February 17, 2010. Thus, there was sufficient evidence for the trial court to find that restitution was paid for only two months, totaling $430.00. Subtracting this sum from the amount of restitution initially ordered yields a balance of $11,314.75.

Because the restitution award was supported by the record, we affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 17, 2010
Date Decided:       November 18, 2010

Do Not Publish

---

[4]The amount of restitution initially ordered is not the subject of this appeal.