In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00092-CR

                                                ______________________________

 

 

                       MARQUIS LEQUAVIOR MARSHALL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 10-0212X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Marquis
Lequavior Marshall challenges a restitution order contained within the trial court’s
judgment adjudicating his guilt for the offense of burglary of a building.[1]   Marshall argues that no evidence supports
the restitution order of $1,751.20.  We
disagree.  

            We
review challenges to restitution orders under an abuse of discretion standard.  Cantrell
v. State, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref’d) (citing
Cartwright v. State, 605 S.W.2d 287,
288–89 (Tex. Crim. App. [Panel Op.] 1980)). 
A trial court abuses its discretion when it acts in an arbitrary or
unreasonable manner.  Id. (citing Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990)).  The amount of restitution must
be supported by the record.  Campbell v. State, 5 S.W.3d 693, 696,
699 (Tex. Crim. App. 1999) (citing Cartwright,
605 S.W.2d at 289).  

            The
State’s indictment alleged that Marshall “intentionally or knowingly enter[ed]
a building or a portion of a building without the effective consent of Alan
Matysiak, the owner thereof, and attempted to commit or committed theft of
property, to-wit: cash register, tobacco products, and U.S. Currency, owned by
Alan Matysiak.”  Marshall and his mother
met with investigators and offered the following information:

[Marshall] and a guy named Joe broke into the
store at the intersection of FM 9 and FM 1999 a couple of days ago.  Marshall advised me that he drove his father[’]s
truck to the store along with Joe. 
Marshall stated that they parked behind the store and they walked up to
the front door of the store.  Marshall
stated that Joe threw a center [sic] block brick through the front door glass
and they both entered the building without the owner[’]s consent.  Marshall stated that they stole some
cigarettes, cigars, change, cash register, and a trash can.

 

            Pursuant
to a plea agreement, Marshall agreed, in writing, to repay a sum of $1,751.20
to Matysiak in the form of restitution.[2]  Accordingly, the trial court’s order of
deferred adjudication contained the requirement that Marshall “repay $1,751.20
to Alan Matysiak.”  The restitution
amount and requirement was included in the terms and conditions of Marshall’s
community supervision.  He signed these
terms and “voluntarily assented and agreed to the same and bound [him]self to
comply with the same,” never complaining of the amount of restitution set
pursuant to his contract in the form of a plea agreement with the trial
court.  The State filed a motion to
proceed with adjudication of guilt. 
Among other allegedly violated conditions of community supervision, the
State alleged Marshall failed to pay “Victim restitution: $1,751.20 at the rate
of $45.00 per month” pursuant to condition ten of his conditions of community
supervision.  Marshall pled true to the
State’s motion and entered a written, specific judicial confession to violating
this condition.  

            Q         . . . . You did not make any of your
payments; correct?

 

            A         Yes, sir. 

 

            Q         Okay. 
Did not do the Crime Stopper, did not pay restitution to the
victim.  Did you make a dent in the
$1,751 that you owed the victim at all?

 

            A         No, sir. 

 

The trial court continued Marshall
on community supervision, but confirmed that “the Court is going to make sure
that the record is clear that you still will be required to pay the restitution
of $1,751.21 to the victim in this matter.” 


            Again,
Marshall’s complaint is only to the sufficiency of the evidence supporting the
amount of restitution.  However, the
restitution amount is supported by his written agreement to pay $1,751.21 in
restitution to the victim, judicial confession that he had violated his
community supervision for failing to pay this amount in installments of $45.00
per month, and testimony at the hearing on the motion to adjudicate
acknowledging the payment amount. 
Therefore, we cannot say that the trial court abused its discretion in
ordering restitution in this amount.  

            We
affirm the trial court’s judgment.  

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August
12, 2011

Date Decided:             August
15, 2011

 

Do Not Publish











[1]Marshall
was sentenced to two years in state jail. 
His sentence was suspended, and he was placed on five years’ community
supervision.  





[2]He
signed a stipulation of evidence, but said the stipulation did not mention
restitution.