

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00006-CR

_____


CHARLES FLOWERS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 38842-A



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I.    Facts and Procedural Background

Charles Flowers, Jr., was indicted for burglary of a habitation owned by Deardra Woods. On August 10, 2010, Flowers entered a plea of guilty after reaching a negotiated plea agreement with the State and was placed on community supervision for ten years. The plea agreement, which contained the punishment recommendations, was signed by Flowers and his attorney and noted that the other punishment recommendations were on the "conditions of probation sheet." The "Order Establishing Conditions of Probation" (separate from the judgment) also was signed by Flowers; it required him to pay restitution of $2,425.00 at the rate of $25.00 per month. The judgment of conviction likewise reflected a restitution due of $2,425.00. No objection was made to community supervision conditions, including the restitution order.

Three months later, on November 1, 2010, the State moved to revoke Flowers' supervision, alleging that he failed to perform community service and that he had burglarized a home and building while under supervision. Flowers pled "not true" to the allegations, and after a hearing, the trial court found that Flowers failed to perform the required community service hours.[1] Pursuant to its finding, the trial court revoked community supervision and sentenced Flowers to ten years' incarceration. The judgment of revocation also requires Flowers to pay $2,375.00 restitution to Woods.

---

[1]The trial court made no finding regarding the State's allegations that Flowers committed another burglary.

The only argument on appeal is that the restitution order should be stricken from the judgment because there is no evidence establishing the amount to be paid. We affirm the judgment of the trial court.

## II.    Standard of Review

We review challenges to restitution orders under an abuse of discretion standard. *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd) (citing *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980)). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Id*. (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)).

## III.    Preservation of Error

We must first determine if it is necessary for Flowers to preserve the question of whether the evidence provides a factual basis for the restitution order.[2]

The Texas Court of Criminal Appeals in *Idowu v. State* held that to preserve error, the defendant must complain at the trial level about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order. 73 S.W.3d 918, 921 (Tex. Crim. App. 2002). As we understand it, Flowers' complaint concerns the factual basis for the restitution order, not the appropriateness of the order. This constitutes a sufficiency of evidence issue which may be reviewed even though it is first raised on appeal. *Id.* at 922.

---

[2]Flowers does not challenge the trial court's revocation of his community supervision or the amount of $2,425.00 in restitution adjudicated at the time of his negotiated plea agreement.

3

## IV. Sufficiency of Evidence

Due process requires that evidence in the record must exist to show that the amount of restitution has a factual basis. *Campbell v. State*, 5 S.W.3d 693, 696, 699 (Tex. Crim. App. 1999) (citing *Cartwright*, 605 S.W.2d at 289). The restitution awarded must be just and have a factual basis within the loss of the victim. *Id.*

In this instance, the total amount of restitution was established at the time Flowers entered a negotiated plea of guilty. Flowers and his attorney signed all the documents at the time of the entry of the plea acknowledging restitution in the amount of $2,425.00. There was no dispute about the amount of restitution, but it was presented to the trial court as a part of the overall negotiated plea agreement, to which both the State and Flowers "mutually agreed and recommended" to the judge. If any dispute had existed on this issue, it could have been presented to the trial court to resolve. TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (West Supp. 2010). The original restitution order of $2,425.00 is supported by the specific agreement of the parties as to the appropriateness and accuracy (or factual basis) for the restitution order.

Flowers was placed on community supervision on August 20, 2010; during his short supervision period, Flowers reported to the supervision officer two times (September 21 and October 19). The State moved to revoke Flowers' supervision based upon allegations that he failed to perform community service and that he had burglarized a home and/or a building. Notably, the State did not allege that Flowers failed to pay restitution. From the absence of such

4

an allegation, it is logical to infer that just as Flowers fulfilled the requirement to report to the community supervision office, he also satisfied the restitution condition of his community supervision by paying the $25.00 monthly restitution payments for September and October, leaving $2,375.00 as the balance. Since the State moved to revoke Flowers' supervision on November 1, 2010, he was arrested the next day, remained incarcerated until the hearing in January 2011, and was then sentenced to a ten-year term, without bond. It can reasonably be inferred that he made no restitution payment for November or thereafter. Based upon these facts, we find that there was evidence to support the award of $2,375.00 in restitution.

Accordingly, we overrule this point of error and affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:      September 6, 2011
Date Decided:        September 7, 2011

Do Not Publish