In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00006-CR

                                                ______________________________

 

 

                                  CHARLES FLOWERS, JR.,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 38842-A

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

I.          Facts and Procedural
Background

            Charles
Flowers, Jr., was indicted for burglary of a habitation owned by Deardra Woods.  On
August 10, 2010, Flowers entered a plea of guilty after reaching a negotiated
plea agreement with the State and was placed on community supervision for ten
years.  The plea agreement, which
contained the punishment recommendations, was signed by Flowers and his
attorney and noted that the other punishment recommendations were on the
“conditions of probation sheet.” The “Order Establishing Conditions of Probation”
(separate from the judgment) also was signed by Flowers; it required him to pay
restitution of $2,425.00 at the rate of $25.00 per month.  The judgment of conviction likewise reflected
a restitution due of $2,425.00.  No
objection was made to community supervision conditions, including the
restitution order. 

            Three
months later, on November 1, 2010, the State moved to revoke Flowers’
supervision, alleging that he failed to perform community service and that he
had burglarized a home and building while under supervision.  Flowers pled “not true” to the allegations,
and after a hearing, the trial court found that Flowers failed to perform the
required community service hours.[1]  Pursuant to its finding, the trial court
revoked community supervision and sentenced Flowers to ten years’
incarceration.  The judgment of revocation
also requires Flowers to pay $2,375.00 restitution to Woods.

            The
only argument on appeal is that the restitution order should be stricken from
the judgment because there is no evidence establishing the amount to be
paid.  We affirm the judgment of the
trial court. 

II.        Standard of Review

            We
review challenges to restitution orders under an abuse of discretion
standard.  Cantrell v. State, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002,
pet. ref’d) (citing Cartwright v. State, 605 S.W.2d 287, 288–89 (Tex. Crim. App.
[Panel Op.] 1980)).  A trial court abuses
its discretion when it acts in an arbitrary or unreasonable manner.  Id.
(citing Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990)). 


III.       Preservation of Error 

            We
must first determine if it is necessary for Flowers to preserve the question of
whether the evidence provides a factual basis for the restitution order.[2]  

            The
Texas Court of Criminal Appeals in Idowu v. State held
that to preserve error, the defendant must complain at the trial level about
the appropriateness of (as opposed to the factual basis for) a trial court’s
restitution order.  73 S.W.3d 918, 921
(Tex. Crim. App. 2002).  As we understand
it, Flowers’ complaint concerns the factual basis for the restitution order,
not the appropriateness of the order. 
This constitutes a sufficiency of evidence issue which may be reviewed
even though it is first raised on appeal. 
Id. at 922. 

IV.       Sufficiency
of Evidence       

            Due process requires that evidence
in the record must exist to show that the amount of restitution has a factual
basis.  Campbell v. State, 5 S.W.3d 693, 696, 699 (Tex. Crim. App. 1999) (citing Cartwright, 605 S.W.2d at 289).  The restitution awarded must be just and have
a factual basis within the loss of the victim. 
Id.  

            In
this instance, the total amount of restitution was established at the time
Flowers entered a negotiated plea of guilty. 
Flowers and his attorney signed all the documents at the time of the
entry of the plea acknowledging restitution in the amount of $2,425.00.  There was no dispute about the amount of
restitution, but it was presented to the trial court as a part of the overall
negotiated plea agreement, to which both the State and Flowers “mutually agreed
and recommended” to the judge.  If any
dispute had existed on this issue, it could have been presented to the trial
court to resolve.  Tex. Code Crim. Proc. Ann. art. 42.037(k)
(West Supp. 2010).  The original
restitution order of $2,425.00 is supported by the specific agreement of the
parties as to the appropriateness and accuracy (or factual basis) for the
restitution order. 

            Flowers
was placed on community supervision on August 20, 2010; during his short
supervision period, Flowers reported to the supervision officer two times
(September 21 and October 19).  The State
moved to revoke Flowers’ supervision based upon allegations that he failed to
perform community service and that he had burglarized a home and/or a
building.  Notably, the State did not
allege that Flowers failed to pay restitution. 
From the absence of such an allegation, it is logical to infer that just
as Flowers fulfilled the requirement to report to the community supervision office,
he also satisfied the restitution condition of his community supervision by
paying the $25.00 monthly restitution payments for September and October,
leaving $2,375.00 as the balance.  Since
the State moved to revoke Flowers’ supervision on November 1, 2010, he was
arrested the next day, remained incarcerated until the hearing in January 2011,
and was then sentenced to a ten-year term, without bond.  It can reasonably be inferred that he made no
restitution payment for November or thereafter. 
Based upon these facts, we find that there was evidence to support the
award of $2,375.00 in restitution.  

            Accordingly,
we overrule this point of error and affirm the trial court’s judgment. 

 

 

 

                                                                        Jack
Carter

                                                                        Justice


 

Date Submitted:          September
6, 2011

Date Decided:             September
7, 2011

 

Do Not Publish

 











[1]The
trial court made no finding regarding the State’s allegations that Flowers
committed another burglary.

 





[2]Flowers
does not challenge the trial court’s revocation of his community supervision or
the amount of $2,425.00 in restitution adjudicated at the time of his
negotiated plea agreement.