ABATE; Opinion issued September 19, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00287-CR
No. 05-12-00288-CR

**THOMAS ALVIN SCHULZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause Nos. F10-00500-J, F11-00343-J

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Murphy

Thomas Alvin Schulz waived a jury and pleaded guilty to credit card abuse and theft of property from an elderly person valued at $500. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(3), (f)(3)(A), 32.31(b), (d) (West 2011 & Supp. 2012). Pursuant to plea agreements, the trial court deferred adjudicating guilt, placed appellant on five years' community supervision, and assessed a $1,000 fine and $85,506.22 in restitution in each case. The trial court certified appellant's right to appeal the amount of restitution. *See* TEX. R. APP. P. 25.2(d).

In a single issue, appellant contends the trial court erred in ordering the amount of restitution absent any evidence being presented. We sustain the issue, set aside the trial court's orders regarding

restitution, and remand to the trial court for a new hearing on the appropriate amount of restitution. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4.

Appellant argues there is no evidence to justify the restitution awards and the proper remedy is to delete the restitution orders entirely. The State concedes the lack of evidence to establish a factual basis for the restitution ordered, but argues the appropriate remedy is to set aside the amount of restitution ordered and remand to the trial court to determine a just amount.

We review challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

The Texas Code of Criminal Procedure authorizes the sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2011). Due process requires three restrictions on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record; (2) the restitution ordered must be only for the offense for which a defendant is criminally responsible; and (3) the restitution ordered must be proper only for the victims of the offense for which a defendant is charged. *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd).

As the State concedes, the record contains no evidence supporting the restitution orders for $85,506.22. Accordingly, we conclude the trial court abused its discretion by ordering those amounts and sustain appellant's issue.

The established procedure, when the record evidence is insufficient to support the amount of restitution ordered, is to abate the appeal, set aside the amount of restitution, and remand the case for a hearing to determine a just amount of restitution. *Barton v State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000); *Cartwright*, 605 S.W.2d at 289. Accordingly, we set aside the trial court's restitution orders and remand the cases to the trial court for a new determination of the proper amount of restitution. The appeal will be abated to allow the trial court to comply with this Court's order.

MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120287F.U05

Order issued September 19, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00287-CR
No. 05-12-00288-CR

**THOMAS ALVIN SCHULZ, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

## ORDER

Before Justices Morris, Francis, and Murphy

Based upon the Court's opinion of this date, we set aside the trial court's restitution orders and remand the cases to the trial court for a hearing to determine the proper amount of restitution.

We **ORDER** the trial court to transmit a record of the proceedings, including the new written restitution orders, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the record of the restitution hearing is received, whichever is earlier.

_____
MARY MURPHY
JUSTICE