ABATE and REMAND; Opinion issued November 29, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00280-CR
No. 05-12-00281-CR
No. 05-12-00282-CR

## LARRY MICHELLE SCHULZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-00512-J, F10-00517-J, F10-00518-J**

# MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice Bridges

Larry Michelle Schulz waived a jury and pleaded guilty to engaging in organized criminal activity, theft of property from an elderly person valued at $20,000 or more but less than $100,000, and unlawful restraint. *See* TEX. PENAL CODE ANN. §§ 20.02(a), 31.03(a), 71.02(a) (West 2011). Pursuant to plea agreements, the trial court deferred adjudicating guilt, placed appellant on ten years' community supervision, assessed a $1,000 fine, and ordered $85,506.22 in restitution in each case.[1] In a single issue, appellant contends the amount of restitution

---

[1] The trial court certified appellant has the right to appeal the amount of restitution. *See* TEX. R. APP. P. 25.2(d).

ordered does not have a factual basis in the record and, thus, constitutes an abuse of discretion. Appellant asserts the proper remedy is to delete the restitution orders entirely. The State concedes there is insufficient evidence in the record to establish a factual basis for the restitution ordered, but responds the appropriate remedy is to set aside the amount of restitution ordered and remand to the trial court to determine a just amount of restitution.

We review challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

The Texas Code of Criminal Procedure authorizes the sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2011). While the sentencing court is authorized to order restitution, due process requires three restrictions on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which a defendant is criminally responsible, and (3) the restitution ordered must be proper only for the victims of the offense for which a defendant is charged. *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd).

In these cases, there is no evidence in the record to support the restitution order of $85,506.22. We sustain appellant's issue as regards the amount of restitution ordered.

When the record evidence is insufficient to support the amount of restitution ordered, the proper procedure is to set aside the amount of restitution and remand the cases for a hearing to determine a just amount of restitution, and abate the appeals. *Barton v State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000); *Cartwright*, 605 S.W.2d at 289. Accordingly, we set aside the trial

court's restitution order and remand the cases to the trial court for a new determination of the proper amount of restitution.

_____
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120280F.U05