# NO. 12-13-00178-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MAURICE V. CAIN,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Maurice V. Cain appeals his conviction for tampering with physical evidence. He raises three issues on appeal relating to the trial court's order of reimbursement. We modify and affirm as modified.

## BACKGROUND

A Smith County grand jury returned an indictment against Appellant for the offense of tampering with physical evidence. Appellant pleaded "not guilty," and a jury trial was held. After the jury found him guilty, Appellant pleaded "true" to the State's notice of enhancement, and the jury assessed punishment at twenty years of imprisonment and a $10,000.00 fine. The trial court sentenced Appellant in accordance with the jury's verdict, ordered payment of court costs, and ordered payment of restitution "if any is determined to be due." The judgment of conviction orders that $140.00 in restitution be payable to the "DPS LAB."[1] This appeal followed.

---

[1] "DPS" is the acronym used to identify the Texas Department of Public Safety.

## ORDER OF REIMBURSEMENT

Appellant raises three separate issues challenging the trial court's order of reimbursement. In his second issue, Appellant argues that the trial court "erred in entering the order of reimbursement because there was no evidence before the court regarding any amount incurred by the DPS."

**Standard of Review and Applicable Law**

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *see also Campbell v. State*, 5 S.W.3d 694, 696 (Tex. Crim. App. 1999) (en banc); *Williams v. State*, No. 12-12-00157-CR, 2012 WL 6214315, at *1 (Tex. App.—Tyler Dec. 12, 2012, no pet.) (mem. op., not designated for publication). Due process is implicated when the trial court abuses its discretion in setting the amount of restitution. *See id.* (citing *Campbell*, 5 S.W.3d at 696).

There must be sufficient evidence in the record to support the trial court's order, and a defendant is not required to object to preserve an evidentiary sufficiency challenge concerning a restitution order. *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010); *Cartwright*, 605 S.W.2d at 289.

Here, the State concedes there is no evidence to support the amount ordered as "restitution" in the judgment. We agree. Based on our review of the record, we conclude that there is no evidence to support the amount ordered paid as "restitution" by the trial court. Further, there is no indication from the record that the State was precluded from presenting evidence and being heard on the issue of the amount of fees charged by the DPS drug lab. *See Mayer*, 309 S.W.3d at 557. Accordingly, we hold that the trial court's "restitution" order lacks evidentiary support, is improper, and should be deleted. *See id.*; *Williams*, 2012 WL 6214315, at *2. Appellant's second issue is sustained. Because we have sustained Appellant's second issue, we need not address his first and third issues. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Appellant's second issue, we *modify* the trial court's judgment by deleting the order that Appellant pay restitution to the DPS lab in the amount of one hundred forty dollars and *affirm* the trial court's judgment as *modified.*

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 30, 2014

### NO. 12-13-00178-CR

**MAURICE V. CAIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0010-13)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** by deleting the order that Appellant pay restitution to the DPS lab in the amount of one hundred forty dollars; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*