# NO. 12-15-00315-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL WAYNE DAVIS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Wayne Davis appeals his conviction for possession of a controlled substance, for which he was assessed a sentence of imprisonment for twenty years. Appellant raises two issues challenging the assessment of restitution. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance and pleaded "not guilty." The matter proceeded to a jury trial, and the jury found Appellant "guilty" as charged. Appellant pleaded "true" to a felony enhancement paragraph, and the jury assessed his punishment at imprisonment for twenty years. The trial court ordered Appellant to pay $180.00 in restitution to the Texas Department of Public Safety (DPS). This appeal followed.

## RESTITUTION ASSESSMENT

In Appellant's first issue, he argues that the trial court lacked the authority to assess restitution payable to the DPS. In Appellant's second issue, he argues that there is no evidence in the record to support the assessment of restitution.

An appellate court reviews a challenge to a restitution order under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). Due

process is implicated when the trial court abuses its discretion in setting the amount of restitution. *See id.* There must be sufficient evidence in the record to support a trial court's restitution order, and the defendant is not required to object to preserve an evidentiary sufficiency challenge concerning the order. *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010). Due process places the following limitations on the restitution a trial court may order: (1) the restitution must be for injuries or damages for which the defendant is criminally responsible, (2) the restitution must be directed to the victim or victims of the offense, and (3) the restitution amount must be just and supported by a factual basis in the record. *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014).

On appeal, the State argues that Appellant waived his first issue by failing to object to the restitution order at trial. But the State concedes that there is no evidence in the record to support the restitution order. The State does not request that we remand the case for a restitution hearing. *See id.* at 760. Rather, the State joins Appellant in his request that the judgment be modified to delete the restitution order.

We agree with Appellant and the State that there is no evidence in the record to support the trial court's restitution order. Accordingly, we sustain Appellant's second issue. Because we sustain Appellant's second issue, we need not address his first issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having overruled Appellant's second issue, we *modify* the trial court's judgment by deleting the restitution order and *affirm* the judgment *as modified*.

<u>**GREG NEELEY**</u>
Justice

Opinion delivered August 10, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 10, 2016

NO. 12-15-00315-CR

**MICHAEL WAYNE DAVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1186-15)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** by deleting the restitution order; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*