**Guy Nelson MONTGOMERY, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 11–00–00395–CR, 11–00–00396–CR.**

Court of Appeals of Texas, Eastland.

Aug. 8, 2002.

Robert G. Estrada, Wichita Falls, for appellant

Tim Ford, Dist. Atty., Palo Pinto, for appellee.

Panel consists of: ARNOT, C.J., and McCALL, J., and DICKENSON, S.J.[1]

Order

TERRY McCALL, Justice.

The jury convicted appellant of two offenses of hindering a secured creditor under TEX. PENAL CODE ANN. § 32.33 (Vernon 1994). In each case, the jury assessed punishment for 10 years and recommended community supervision. The trial court accepted the jury's recommendation, suspended the imposition of the sentence, and placed appellant on commu-

---

1. Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

nity supervision for 10 years. The trial court ordered appellant to pay restitution in the amount of $196,516.18. We abate these appeals.

## Issues Presented

Appellant presents five issues on appeal. Appellant's third issue requires us to abate this appeal. In his third issue, appellant asserts that the trial court abused its discretion by ordering an excessive amount of restitution. Appellant complains that the restitution orders include debts that were not included in the offenses charged. Appellant seeks a remand to the trial court for a determination of the proper amount of restitution. We address appellant's fourth issue because it also relates to a determination of the restitution issue. In his fourth issue, appellant asserts that the trial court erred in permitting and considering improper expert testimony and, as a result of the testimony, awarded an excessive amount of restitution. We will not address appellant's first, second, and fifth issues until the appeals are reinstated.

## Background

Appellant obtained two loans from the First State Bank of Mineral Wells (the Bank). One of the loans was for $20,500.00, and the other loan was for $38,000.00. The Bank obtained security interests in motor vehicles to secure the loans. Appellant failed to pay the loans when due. The jury found appellant guilty of hindering the Bank in the enforcement of its security interests in the vehicles.

Leon Groves, an executive vice president of the Bank, testified concerning the value of the secured property (8 vehicles). Groves stated that the value of the secured property in November 1997 (the month of the alleged offenses) was approximately $49,300.00.

## Expert Testimony

In his fourth issue, appellant contends that the trial court permitted improper expert testimony concerning the alleged retail value of the secured property in question. Appellant complains that the trial court relied on the improper testimony and, therefore, awarded an excessive amount of restitution.

Groves testified as an expert witness concerning the approximate retail or fair market value of the secured property (3 vehicles on one of the loans and 5 vehicles on the other loan) in November of 1997, the month of the alleged offenses. He based his testimony on the values listed for such vehicles in the NADA book. According to Groves, the approximate value of the vehicles was $49,300.00.

TEX.R.EVID. 702 provides that:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

■ We find that Groves is qualified to testify as an expert under Rule 702 concerning the value of the vehicles that secured the loans in question. Groves has more than 25 years experience in the banking industry. Specifically, he has extensive experience concerning vehicle loans and determining values of vehicles. He has a history involving a number of loans to appellant over a period of about ten years. He has knowledge of appellant's business. While he did not have personal knowledge of the condition of the vehicles in question, Groves did have knowledge of the general type and condition of the vehicles that appellant usually bought and sold. Groves is familiar with and regularly uses

the NADA book. Groves testified that the Bank relies upon NADA book values in connection with vehicle loans. He used the NADA book in connection with the loans that the Bank made to appellant. Based upon his knowledge and experience, Groves is qualified as an expert witness on the issue of values of vehicles.

■ Appellant complains that Groves testified to the NADA retail value of the vehicles instead of the wholesale value of the vehicles, even though, according to appellant, banks ordinarily lend on the basis of NADA wholesale value. We find that the testimony was proper. TEX. CODE CRIM. PRO. ANN. art. 42.037(b)(1)(B) (Vernon Supp.2002) provides that, if an offense results in damage, loss, or destruction of the victim's property and if it is impossible or impractical to return the property, the trial court may award restitution in:

> [A]n amount equal to the greater of: (i) the value of the property on the date of the damage, loss, or destruction; or (ii) the value of the property on the date of sentencing, less the value of any part of the property that is returned on the date the property is returned.

Thus, for restitution purposes, it is appropriate for a trial court to consider the value of the property.

In this case, the Bank demanded appellant to deliver the vehicles to the Bank. Appellant failed to deliver the collateral. The Bank was damaged to the extent that it did not have the opportunity to sell the collateral and apply the proceeds from the sale to the amounts owed by appellant. If appellant had delivered the collateral, the Bank could have attempted to sell the vehicles for their retail value. It is proper for the trial court to consider retail value testimony.

*Restitution*

■ The trial court did not base its restitution award on the Bank's claimed value of the secured property. Instead, the trial court ordered restitution in the amount of $196,516.18. Of this amount, the trial court ordered appellant to pay the Bank the amount of $97,144.07 and to pay the First National Bank of Graford the amount of $99,372.11.

The trial court based its award of restitution on the testimony of Groves and Jim Holyfield, a vice president of the First National Bank of Graford. Groves testified regarding the amounts that appellant owed the Bank on the two loans related to the offenses in question and a third loan. The trial court's restitution award to the Bank apparently represents the amounts allegedly due on these three loans. Holyfield testified regarding the amount that appellant owed the First National Bank of Graford on a loan. The trial court's restitution award to the First National Bank of Graford apparently represents the amount allegedly due on this loan.

■ The trial court's restitution award is excessive. A trial court may only award restitution to the victim or victims of the offenses for which the defendant has been convicted. *Cabla v. State*, 6 S.W.3d 543, 546 (Tex.Cr.App.1999); *Martin v. State*, 874 S.W.2d 674, 677–78 (Tex.Cr.App.1994). "Additionally, the amount of a restitution order is limited to only the losses or expenses that the victim or victims proved they suffered as a result of the offense for which the defendant was convicted." *Cabla v. State*, supra at 546; citing *Gordon v. State*, 707 S.W.2d 626, 629–30 (Tex.Cr.App. 1986). The Bank is the victim of the offenses in this case. The Bank suffered the loss of the value of the secured property (the 8 vehicles) as a result of the offenses. The restitution orders are excessive in three ways. First, the trial court awarded

the Bank the entire amounts allegedly owed by appellant on the two loans related to the offenses in question instead of considering the value of the secured property. Second, the trial court should not have awarded the Bank any restitution in connection with the third loan because the third loan was not related to the offenses in question. Finally, the trial court should not have awarded any restitution to the First National Bank of Graford because it was not a victim of the offenses in question.

The Court of Criminal Appeals, citing *Cartwright,* stated in *Barton* that:

> The proper procedure where the amount of restitution ordered as a condition of community supervision is not supported by the record is to abate the appeal, set aside the amount of restitution, and remand the case for a hearing to determine a just amount of restitution.

*Barton v. State,* 21 S.W.3d 287, 290 (Tex. Cr.App.2000) (citing *Cartwright v. State,* 605 S.W.2d 287, 289 (Tex.Cr.App.1980)).

### This Court's Ruling

The appeals are abated. The trial court is directed to conduct a new hearing on the issue of restitution consistent with this order. The clerk of the trial court is directed to prepare and file in this court supplemental clerk's records containing the findings of the trial court and any orders issued. The court reporter is directed to prepare and file in this court a supplemental reporter's record. The supplemental records are due to be filed in this court on or before September 13, 2002.