11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Guy Nelson
Montgomery

Appellant

Vs.      
            Nos. 11-00-00395-CR and 11-00-00396-CR B  Appeals from Palo Pinto County

State of Texas

Appellee

 

The jury
convicted appellant of two offenses of hindering a secured creditor under TEX.
PENAL CODE ANN. ' 32.33 (Vernon 1994).  In each case, the jury assessed punishment
for 10 years and recommended community supervision.  The trial court accepted the jury=s recommendation, suspended the imposition of the sentence, and placed
appellant on community supervision for 10 years.  The trial court ordered appellant to pay restitution in the
amount of $196,516.18.  Because the
restitution order was excessive, we abated the appeal, set aside the amount of
restitution awarded by the trial court, and directed the trial court to conduct
a hearing to determine the just amount of restitution.  See Montgomery v. State, 83 S.W.3d 909
(Tex.App. - Eastland 2002, per curiam order). 
The trial court held a restitution hearing and determined that the value
of the secured property was $49,300.00. 
We now address appellant=s remaining contentions on appeal. 
We modify the trial court=s judgments to award restitution in the amount of $49,300.00 to the
First State Bank of Mineral Wells and affirm the judgments as modified. 

Background
Facts

Appellant
obtained two loans from the bank.  One
of the loans was for $20,500.00, and the other loan was for $38,000.00.  The bank obtained a security interest in 3
vehicles to secure the $20,500.00 loan and a security interest in 6 vehicles to
secure the $38,000.00 loan.








Appellant
failed to pay the loans when due.  The
bank demanded that appellant deliver the collateral to it.  Appellant failed to deliver the vehicles or
to pay the amount due.  The grand jury
indicted appellant for 2 offenses of hindering a secured creditor in Trial
Court Cause Nos.10,990 and 10,991. Cause No. 10,990 involved the $38,000.00
loan and 5 of the 6 vehicles securing it. 
Cause No.10,991 involved the $20,500.00 loan and the 3 vehicles securing
it.  In both causes, the State alleged
that appellant intentionally and knowingly concealed the vehicles with the
intent to hinder the bank=s enforcement of its security interest in the vehicles.  Appellant appeals from his convictions of
these 2 offenses.

Double
Jeopardy

In his
first issue, appellant complains that the State violated his double jeopardy
rights by prosecuting him twice for the same offense.  Both the United States Constitution and the Texas Constitution
protect individuals from multiple punishments for the same offense.  See Phillips v. State, 787 S.W.2d 391, 393
(Tex.Cr.App.1990); Landers v. State, 957 S.W.2d 558 (Tex.Cr.App.1997).  The double jeopardy clause prevents (1) a
second prosecution for the Asame offense@ after
acquittal, (2) a second prosecution for the Asame offense@ after
conviction, and (3) multiple punishments for the Asame offense.@  Iglehart v. State, 837 S.W.2d 122, 127
(Tex.Cr.App.1992);  citing North
Carolina v. Pearce, 395 U.S. 711 (1969).

Appellant=s double jeopardy claim is based upon the
third category above.  The State charged
appellant with two violations of the same statute.  If each alleged violation of the statute was a separate Aallowable unit of prosecution,@ there was no double jeopardy clause
violation.[1]  See Ex parte Hawkins, 6 S.W.3d 554, 556-57
(Tex.Cr.App.1999); Iglehart v. State, supra at 127;  Ex parte Rathmell, 717 S.W.2d 33, 35 (Tex.Cr.App.1986).  Whether an offense is a separate Aallowable unit of prosecution@ depends upon legislative intent:

The
legislature defines whether offenses are the same.  It does so by prescribing the Aallowable unit of prosecution,@ which is Aa
distinguishable discrete act that is a separate violation of the statute.@  And
the discovery of the allowable unit of prosecution is a task of statutory
construction.               

Ex parte Hawkins, supra
at 556-57.








Therefore,
we consider legislative intent to determine the double jeopardy issue.  Section 32.33(b) provides:

A person
who has signed a security agreement creating a security interest in
property...commits an offense if, with intent to hinder enforcement of that
interest or lien, he destroys, removes, conceals, encumbers, or otherwise harms
or reduces the value of the property.

 

Section 32.33 is included
in TEX. PENAL CODE ANN. ch. 32 (Vernon 1994 & Supp. 2002).  The following provision is also included in
Chapter 32: 

When
amounts are obtained in violation of this chapter pursuant to one scheme or
continuing course of conduct, whether from the same or several sources, the
conduct may be considered as one offense and the amounts aggregated in
determining the grade of offense. (Emphasis added)

 

Section 32.03.  Section 32.03 permits the State to consider
the conduct as one offense; it does not require the State to consider the
conduct as one offense.[2]  The permissive language in Section 32.03
provides evidence that the legislature intended to allow the State to prosecute
an individual for a separate offense of hindering a secured creditor for each
item of secured property that the defendant destroys, removes, conceals,
encumbers, or otherwise harms or reduces the value of in violation of Section
32.33(b).            

The State
alleged that appellant violated Section 32.33(b) twice by hindering the bank
with respect to different sets of collateral that secured different loans.  Under Section 32.03, the State was not
required to consider appellant=s conduct as one offense or to aggregate the alleged value of the
collateral.  Each of the offenses was a
separate Aallowable unit of prosecution@; and, therefore, the State did not violate
appellant=s double jeopardy rights.  We overrule appellant=s first issue.

                                                          Sufficiency
of the Evidence








In his
second issue, appellant attacks the legal sufficiency of the evidence
supporting his convictions.  In
reviewing the legal sufficiency of the evidence, we review the evidence in the
light most favorable to the prosecution. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Turner v. State, 805
S.W.2d 423, 427 (Tex.Cr.App.1991).  The
inquiry is whether any rational trier of fact could have found the elements of
the offense beyond a reasonable doubt. 
Turner v. State, supra at 427. 
The fact finder is the sole judge of the credibility of the witnesses
and the weight to be given their testimony. 
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App.1992). The fact finder
may choose to believe or disbelieve all or any part of any witness's
testimony.  Sharp v. State, 707 S.W.2d
611, 614 (Tex.Cr.App.1986), cert. den=d, 488 U.S. 872
(1988). 

Appellant
asserts that the State failed to prove an essential element of the offense of
hindering a secured creditor under Section 32.33(e):  that appellant had the Aintent to appropriate@ proceeds obtained from the sale of secured property.  However, the State did not charge appellant
with an offense under Section 32.33(e). 
Rather, the State charged appellant with offenses under Section
32.33(b).  Section 32.33(b) provides:

A person
who has signed a security agreement creating a security interest in property or
a mortgage or deed of trust creating a lien on property commits an offense if,
with intent to hinder enforcement of that interest or lien, he destroys,
removes, conceals, encumbers, or otherwise harms or reduces the value of the
property.

 

Under
Section 32.33(b), the State=s burden was to establish that appellant intended to hinder enforcement
of the bank=s security interest in the vehicles.  The State did not have to establish that
appellant intended to appropriate proceeds from the sale of the vehicles.  Section 32.33(c) provides:

[A] person is presumed to have intended to
hinder enforcement of the security interest or lien if, when any part of the
debt secured by the security interest or lien was due, he failed: 

 

(1) to pay the part then due; and 

 

(2) if the secured party had made demand, to
deliver possession of the secured property to the secured party.  

 








Appellant failed to pay
the debts when due.  The bank demanded
that appellant deliver the vehicles to it, but appellant did not deliver the
vehicles.  The presumption arose that
appellant intended to hinder the bank=s enforcement of its security interests in the vehicles.  Because there was sufficient evidence of the
facts giving rise to the presumption, the trial court properly submitted the
existence of the presumed fact to the jury. 
See TEX. PENAL CODE ANN. ' 2.05 (Vernon 1994).  The
evidence was legally sufficient to establish that appellant intended to hinder
the bank=s enforcement of its security interests.  We overrule appellant=s second issue.

Assistance
of Counsel

In his
fifth issue, appellant complains that he was denied a fair trial due to
ineffective assistance of counsel.  In reviewing a
claim of ineffective assistance of counsel, we must apply an objective standard
of reasonableness.  A defendant making a
claim of ineffective assistance of counsel must show that (1) counsel was
deficient and (2) there is a reasonable probability that, but for counsel=s unprofessional
errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Hernandez v.
State, 726 S.W.2d 53 (Tex.Cr.App.1986).

A claim of ineffective assistance of counsel must be
determined on the particular facts and circumstances of each individual
case.  See Jimenez v. State, 804 S.W.2d
334, 338 (Tex.App. - San Antonio 1991, pet=n ref=d). 
Isolated instances in the record reflecting errors of omission or
commission do not render counsel=s performance deficient.  McFarland v. State, 845 S.W.2d 824, 843
(Tex.Cr.App.1992), cert. den=d, 508 U.S. 963
(1993).  Whether the Strickland
test has been met is to be judged by the totality of the representation.  McFarland v. State, supra.   There is a strong presumption that counsel
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment. 
See Strickland v. Washington, supra at 689; Stafford v. State, 813
S.W.2d 503, 506 (Tex.Cr.App.1991). 

Appellant has the burden of proving ineffective assistance of
counsel by a preponderance of the evidence. See Moore v. State, 694 S.W.2d 528,
531 (Tex.Cr.App.1985).  The record does
not establish that appellant=s trial counsel was deficient.  Appellant complains that his trial counsel:

[D]emonstrated a
fundamental misunderstanding of controlling law applicable to the case, Texas
Penal Code ' 32.33, by
failing to argue the requirement that the State prove beyond a reasonable doubt
the essential elements of intent to appropriate the proceeds of the sale of the
vehicle.

 








However,
as discussed above, an Aintent to appropriate@ is not an
element of the offenses charged against appellant.  The record does not demonstrate that appellant=s trial counsel
misunderstood the law or lacked a trial strategy.  Appellant=s trial counsel called Mona Lynn Braswell
and Sam Coker, Jr. as witnesses in support of appellant=s claim that
Braswell sold  the vehicles and
misappropriated proceeds from the sales of the vehicles, not appellant.  Furthermore, the record fails to demonstrate
a reasonable probability that, but for the alleged errors on the part of
appellant=s trial counsel,
the result would have been different. 
We overrule appellant=s fifth issue.     

Restitution

In his
third and fourth issues, appellant complains about the trial court=s restitution award.  After we abated these causes for a new
hearing on the restitution issue, the trial court conducted a restitution
hearing consistent with our order and determined that the value of the secured
property was $49,300.00.  The trial
court based this finding on the testimony of Leon Groves, an Executive
Vice-President of the bank.  Groves
testified at the trial of these causes that the value of the vehicles was
$49,300.00.  In our earlier order, we
held that Groves was qualified as an expert witness on the issue of values of
the vehicles.  Montgomery v. State,
supra at 912.  We find that $49,300.00
is the proper restitution amount, and we modify the trial court=s judgments accordingly.  We overrule appellant=s third and fourth issues.

                                                                This
Court=s Ruling

We modify
the trial court=s judgments to require appellant to pay
restitution in the amount of $49,300.00 to the First State Bank of Mineral
Wells as one of the conditions of community supervision, and we affirm the
judgments as modified. 

 

TERRY McCALL

JUSTICE

November 7, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and Dickenson, S.J.[3]











     [1]In cases involving multiple alleged violations of the
same statute, the rule of statutory construction established by the Supreme
Court in Blockburger v. United States, 284 U.S. 299, 304 (1932), does not
apply.  See Ex parte Hawkins, supra at
555-56.  Blockburger established
the Asame elements@
test for the purposes of double jeopardy analysis.  The Blockburger test applies in cases involving alleged
violations of two distinct statutory provisions.  Ex parte Hawkins, supra. 





     [2]See Dickens v. State, 981 S.W.2d 186
(Tex.Cr.App.1998).  Dickens involved
TEX. PENAL CODE ANN. ' 31.09 (Vernon 1994) which permits the State to
aggregate the amounts stolen in theft cases and has language identical to the
language in Section 32.03.  The Dickens
court held that Section 31.09 is permissive and that the State is not required
to aggregate the amounts.  Dickens v.
State, supra at 186.  





     [3]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.