# NOS. 12-10-00363-CR
# 12-10-00364-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAHARA BERNICE PRICE,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Sahara Bernice Price appeals her convictions for possession of a controlled substance and theft of property. In three issues, Appellant contends that the prosecutor made impermissible arguments to the court and the trial court erroneously ordered that she pay restitution to the Texas Department of Public Safety. We affirm.

### BACKGROUND

Appellant was charged by separate indictments in two cause numbers with possession of less than one gram of cocaine and theft. The indictment for theft alleged that Appellant had two prior theft convictions. Appellant pleaded guilty to each indictment. After finding Appellant guilty of both offenses, the trial court sentenced her to one year of confinement in each case. In the possession case, the trial court also ordered her to pay $140 in restitution to the Texas Department of Public Safety. This appeal followed.

### PROSECUTOR'S ARGUMENTS DURING SENTENCING

In her first issue, Appellant argues that the prosecutor violated her right to due process of law and a fair trial by making impermissible arguments to the court. Specifically, Appellant complains of the following three portions of the prosecutor's closing argument in the sentencing phase:

[S]he may or may not be a drug addict. . . . Her drug bonds were cocaine. . . . I don't know if Ms. Price was selling drugs. I can't tell, because honestly I don't know what in here is the truth and what is a lie . . . So I don't know if she's selling drugs or not. All I know is that she's found with a very small amount of cocaine consistent with personal use.

Basically it looks like it seems to me that Ms. Lacy's argument as to why Ms. Price should get probation is because, A, she's sick and B, she may or may not be a drug addict. . . .The only thing that indicates to me she's a drug addict is what Ms. Lacy has said.

The only thing that indicates to me she's a drug addict is what Ms. Lacy has said. . . . I think she's saying she's addicted to marijuana, which we all know is more of a lifestyle choice than an addiction . . . Sick people in here all the time and they're sent to the penitentiary. . . . I can't tell, because honestly I don't know what in here is the truth and what is a lie.

Appellant complains that these remarks refer to extraneous acts, attack counsel, involve personal opinions, and attempt to mislead the factfinder.[1] However, Appellant did not object to any of the remarks made by the prosecutor. Rule 33.1 requires a party to preserve a complaint for appellate review by making a timely and specific objection. TEX. R. APP. P. 33.1. Therefore, Appellant must have objected to the allegedly improper final argument in order to preserve error. *See* ***Threadgill v. State***, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (failure to object to prosecutor's argument during punishment phase forfeits right to complain about argument on appeal); ***Cockrell v. State***, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("Before a defendant will be permitted to complain on appeal about an erroneous jury argument . . . , he will have to show he objected and pursued his objection to an adverse ruling."). Further, the court of criminal appeals has expressly overruled "any prior cases to the contrary." ***Cockrell***, 933 S.W.2d at 89. This includes the fundamental error exception to a defendant's failure to object to improper prosecutorial argument. *See* ***Lewis v. State***, No. 12-09-00297-CR, 12-09-00298-CR, 12-09-00299-CR, 12-09-00300-CR, 2010 WL 2998749, at *3 (Tex. App.–Tyler, July 30, 2010, no pet.).

Appellant argues that, even without an objection, the purported error in this case warrants review. In support, she cited ***Johnson v. State***, 604 S.W.2d 128,135 (Tex. Crim. App. 1980) and ***Boyde v. State***, 513 S.W.2d 588, 591, 593 (Tex. Crim. App. 1974). Both cases pre-date ***Cockrell***, which is the seminal case holding that the failure to object to a jury argument waives the argument on appeal. Further, even if these cases were not overruled by ***Cockrell***, they are distinguishable from the facts in the present case. The ***Johnson*** case involved a misstatement of law. *See* ***Johnson***, 604 S.W.2d at 135. And in ***Boyde***, the defendant objected to the closing argument in question. *See* ***Boyde***, 513 S.W.2d at 591-93. Therefore, these cases are not on point.

---

[1] We note that these arguments were made to a trial judge as opposed to a jury. Appellant relies on cases involving arguments made to a jury and does not refer to cases involving arguments made to a judge. However, we will assume the same limitations apply to both jury trials and bench trials. ***Kennedy v. State***, 262 S.W.3d 454, 461 (Tex. App.–Austin 2008), *rev'd on other grounds,* 297 S.W.3d 338 (Tex. Crim. App. 2009).

2

By not objecting at trial to any of the prosecutor's remarks, Appellant waived her right to complain about the argument on appeal. Therefore, she has not preserved the issue for review. *See* TEX. R. APP. P. 33.1; *see also Cockrell*, 933 S.W.2d at 89. Accordingly, we overrule Appellant's first issue.

## RESTITUTION

In her second and third issues, Appellant argues that the trial court abused its discretion in ordering restitution payable to the Texas Department of Public Safety (DPS).

### Standard of Review and Applicable Law

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.–Waco 2004, no pet.). An abuse of discretion by the trial court in setting the amount of restitution will implicate due process considerations. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). Due process places three separate limits on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible, and (3) the restitution must be for the victim or victims of the offense for which the offender is charged. *See id*. at 696-97; *Drilling*, 134 S.W.3d at 470; *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.–Texarkana 2002, pet. ref'd). Further, there must be sufficient evidence in the record to support the trial court's order. *Cartwright*, 605 S.W.2d at 289. The standard of proof for determining restitution is a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (Vernon Supp. 2010). The burden of proving the amount of loss sustained by the victim is on the prosecuting attorney. *Id*.

A trial court may not order restitution to be paid to a person who was not a victim of the charged offense. *See Martin v. State*, 874 S.W.2d 674, 677–78 (Tex. Crim. App. 1994); *Montgomery v. State*, 83 S.W.3d 909, 912 (Tex. App.–Eastland 2002, no pet.). In order to preserve error concerning a restitution order, however, a defendant must make a timely and specific objection. TEX. R. APP. P. 33.1(a)(1)(A); *see Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court . . ."); *see also Lemos v. State*, 27 S.W.3d 42, 47 (Tex. App.–San Antonio 2000, pet. ref'd) (concluding defendant waived complaint). However, whether a sufficient factual basis exists for a particular restitution order could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level. *Idowu*, 73 S.W.3d at 922; *see Riggs v. State*, No. 05-05-01689-CR, 2007 Tex. App. LEXIS 2589, at *14 (Tex. App.–Dallas Apr. 3, 2007, no pet.) (mem. op., not

designated for publication) (defendant could raise sufficiency of evidence on restitution order for first time on appeal).

However, a request for restitution contained in a written plea document shows a clear understanding that restitution can be a part of the judgment, even if other terms of the plea documents are not granted. *See Campbell v. State,* 5 S.W.3d at 701-02. Therefore, an appellant waives the right to complain that a restitution assessment lacks the necessary evidentiary support when an appellant expressly requests that the trial court assess restitution in a plea agreement. *See Kassube v. State*, Nos. 12-08-00364-CR, 12-08-00365-CR, 2010 Tex. App. LEXIS 1442, at *10-11 (Tex. App.–Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication).

**Discussion**

In her second issue, Appellant argues that the trial court lacked the authority to order restitution to an entity that was not a victim of the charged offense. However, Appellant did not object to the assessment of restitution at the trial court. Therefore, Appellant failed to preserve her argument on appeal that the trial court lacked the authority to order restitution to the DPS. *See Idowu*, 73 S.W.3d at 921; *Lemos*, 27 S.W.3d at 46-47; *see also* TEX. R. APP. P. 33.1. We overrule Appellant's second issue.

In her third issue, Appellant argues that there is no evidence to support the restitution amount ordered. Although Appellant did not object to the restitution assessment, an objection was not needed at the trial court to preserve the sufficiency of the evidence for appeal. *See Idowu*, 73 S.W.3d at 922.

As part of the plea agreement in the possession case, the parties agreed to an "OPEN PLEA" and "payment of RESTITUTION in the amount of 140 to DPS." This plea agreement was presented to the trial court at the sentencing portion of the hearing. The trial court stated at the hearing that "reimbursement is ordered paid . . . in the amount of $140 to the Department of Public Safety." The written judgment includes a "reimbursement fee" of $140 payable to DPS.

Appellant argues that because there was no agreed punishment recommendation based on the open plea in the plea agreement, there was no agreement as to the restitution. We disagree. Appellant acknowledged that she voluntarily signed the document after reading it and understood the document after speaking with her attorney. The record shows the trial court assessed reimbursement in Appellant's possession case in response to the portion of the plea agreement relating to restitution. By expressly agreeing to the $140 restitution in the plea agreement, Appellant showed she clearly understood that the $140 assessment can be a part of the judgment even if there is no sentencing agreement. *See Campbell,* 5 S.W.3d at 701-02 (appellant asked in waiver form contained in a written no-contest plea without sentencing agreement for deferred adjudication with conditions including restitution; trial court did not grant deferred but did grant

4

restitution).   Regardless of the language used to categorize the $140 amount, Appellant, by expressly requesting that the trial court assess the amount of $140 in the plea agreement, waived her right to complain that the $140 assessment lacked the necessary evidentiary support.  *See Kassube*, 2010 Tex. App. LEXIS 1442, at *10-11.   Because Appellant has waived this issue, we overrule her third issue.

## DISPOSITION

We *affirm* the judgment of the trial court.

<u>SAM GRIFFITH</u>
Justice

Opinion delivered August 17, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)