NOS.
12-10-00363-CR

     
12-10-00364-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

SAHARA
BERNICE PRICE,                           §                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            Sahara
Bernice Price appeals her convictions for possession of a controlled
substance and theft of property.  In three issues, Appellant contends that the
prosecutor made impermissible arguments to the court and the trial court
erroneously ordered that she pay restitution to the Texas Department of Public
Safety.  We affirm.

 

Background

            Appellant
was charged by separate indictments in two cause numbers with possession of
less than one gram of cocaine and theft.  The indictment for theft alleged that
Appellant had two prior theft convictions.  Appellant pleaded guilty to each
indictment. After finding Appellant guilty of both offenses, the trial court
sentenced her to one year of confinement in each case.  In the possession case,
the trial court also ordered her to pay $140 in restitution to the Texas
Department of Public Safety.  This appeal followed.

 

Prosecutor’s
Arguments During Sentencing

In
her first issue, Appellant argues that the prosecutor violated her right to due
process of law and a fair trial by making impermissible arguments to the court.
Specifically, Appellant complains of the following three portions of the
prosecutor’s closing argument in the sentencing phase:

 

 [S]he may or
may not be a drug addict. . . . Her drug bonds were cocaine. . . . I don’t know
if Ms. Price was selling drugs. I can’t tell, because honestly I don’t know
what in here is the truth and what is a lie . . . So I don’t know if she’s
selling drugs or not. All I know is that she’s found with a very small amount
of cocaine consistent with personal use.

 

 Basically it
looks like it seems to me that Ms. Lacy’s argument as to why Ms. Price should
get probation is because, A, she’s sick and B, she may or may not be a drug
addict. . . .The only thing that indicates to me she’s a drug addict is what
Ms. Lacy has said.

 

 The only thing
that indicates to me she’s a drug addict is what Ms. Lacy has said. . . .  I
think she’s saying she’s addicted to marijuana, which we all know is more of a
lifestyle choice than an addiction . . . Sick people in here all the time and
they’re sent to the penitentiary. . . . I can’t tell, because honestly I don’t
know what in here is the truth and what is a lie.

 

 

            Appellant
complains that these remarks refer to extraneous acts, attack counsel, involve
personal opinions, and attempt to mislead the factfinder.[1]  However, Appellant did not object to any
of the remarks made by the prosecutor. Rule 33.1 requires a party to preserve a
complaint for appellate review by making a timely and specific objection.  Tex. R. App. P. 33.1.  Therefore,
Appellant must have objected to the allegedly improper final argument in order
to preserve error. See Threadgill v. State, 146 S.W.3d
654, 670 (Tex. Crim. App. 2004) (failure to object to prosecutor’s argument
during punishment phase forfeits right to complain about argument on appeal); Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (“Before a defendant
will be permitted to complain on appeal about an erroneous jury argument . . . ,
he will have to show he objected and pursued his objection to an adverse
ruling.”). Further,
the court of
criminal appeals has expressly overruled “any prior cases to the contrary.” Cockrell,
933 S.W.2d at 89. This
includes the fundamental error exception to a defendant's failure to object to
improper prosecutorial argument.  See Lewis v. State, No. 12-09-00297-CR,
12-09-00298-CR, 12-09-00299-CR, 12-09-00300-CR, 2010 WL 2998749, at *3 (Tex.
App.–Tyler, July 30, 2010, no pet.).

            Appellant argues that, even
without an objection, the purported error in this case warrants review.  In
support, she cited Johnson v. State, 604 S.W.2d 128,135 (Tex.
Crim. App. 1980) and Boyde v. State, 513 S.W.2d 588, 591, 593
(Tex. Crim. App. 1974).  Both cases pre-date Cockrell, which is
the seminal case holding that the failure to object to a jury argument waives
the argument on appeal.  Further, even if these cases were not overruled by Cockrell,
they are distinguishable from the facts in the present case.  The Johnson
case involved a misstatement of law.  See  Johnson, 604
S.W.2d at 135.  And in Boyde, the defendant objected to the
closing argument in question.  See Boyde, 513 S.W.2d at
591-93.  Therefore, these cases are not on point. 

            By not objecting at trial to any of the
prosecutor’s remarks, Appellant waived her right to complain about the argument
on appeal.  Therefore, she has not preserved the issue for review. See Tex. R. App. P. 33.1; see also Cockrell,
933 S.W.2d at 89.  Accordingly, we overrule Appellant’s first issue.

 

Restitution

            In
her second and third issues, Appellant argues that the trial court abused its
discretion in ordering restitution payable to the Texas Department of Public
Safety (DPS). 

Standard
of Review and Applicable Law

            An
appellate court reviews challenges to restitution orders under an abuse of
discretion standard.  Cartwright v. State, 605 S.W.2d 287, 289
(Tex. Crim. App. [Panel Op.] 1980); Drilling v. State, 134 S.W.3d
468, 469 (Tex. App.–Waco 2004, no pet.).  An abuse of discretion by the trial
court in setting the amount of restitution will implicate due process
considerations.  Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim.
App. 1999).  Due process places three separate limits on the restitution a
trial court may order: (1) the amount must be just and supported by a factual
basis within the record, (2) the restitution ordered must be only for the
offense for which the defendant is criminally responsible, and (3) the
restitution must be for the victim or victims of the offense for which the
offender is charged.  See id. at 696-97; Drilling,
134 S.W.3d at 470; Cantrell v. State, 75 S.W.3d 503, 512 (Tex.
App.–Texarkana 2002, pet. ref’d). Further, there must be sufficient evidence in
the record to support the trial court’s order.  Cartwright, 605
S.W.2d at 289. The standard of proof for determining restitution is a
preponderance of the evidence.  See Tex.
Code Crim. Proc. Ann. art. 42.037(k) (Vernon Supp. 2010).  The burden of
proving the amount of loss sustained by the victim is on the prosecuting
attorney.  Id.  

            A
trial court may not order restitution to be paid to a person who was not a
victim of the charged offense.  See Martin v. State, 874
S.W.2d 674, 677–78 (Tex. Crim. App. 1994); Montgomery v. State,
83 S.W.3d 909, 912 (Tex. App.–Eastland 2002, no pet.).  In order to
preserve error concerning a restitution order, however, a defendant must make a
timely and specific objection.  Tex. R.
App. P. 33.1(a)(1)(A); see Idowu v. State, 73
S.W.3d 918, 921 (Tex. Crim. App. 2002) (“If a defendant wishes to complain
about the appropriateness of (as opposed to the factual basis for) a trial
court’s restitution order, he must do so in the trial court . . .”); see
also Lemos v. State, 27 S.W.3d 42, 47 (Tex. App.–San Antonio
2000, pet. ref'd) (concluding defendant waived complaint).  However,
whether a sufficient factual basis exists for a particular restitution order
could be considered an evidentiary sufficiency question that need not be
preserved by objection at the trial level. Idowu, 73 S.W.3d at
922; see Riggs v. State, No. 05-05-01689-CR, 2007 Tex. App. LEXIS
2589, at *14 (Tex. App.–Dallas Apr. 3, 2007, no pet.) (mem. op., not designated
for publication) (defendant could raise sufficiency of evidence on restitution
order for first time on appeal). 

            However,
a request for restitution contained in a written plea document shows a clear
understanding that restitution can be a part of the judgment, even if other
terms of the plea documents are not granted.  See Campbell v.
State, 5 S.W.3d at 701-02.  Therefore, an appellant waives the right to
complain that a restitution assessment lacks the necessary evidentiary support
when an appellant expressly requests that the trial court assess restitution in
a plea agreement.  See Kassube v. State, Nos.
12-08-00364-CR, 12-08-00365-CR, 2010 Tex. App. LEXIS 1442, at *10-11 (Tex.
App.–Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication).

Discussion

            In
her second issue, Appellant argues that the trial court lacked the authority to
order restitution to an entity that was not a victim of the charged offense. 
However, Appellant did not object to the assessment of restitution at the trial
court.  Therefore, Appellant failed to preserve her argument on appeal that the
trial court lacked the authority to order restitution to the DPS.  See Idowu,
73 S.W.3d at 921; Lemos, 27 S.W.3d at 46-47; see also Tex. R. App. P. 33.1.  We overrule
Appellant’s second issue.

            In
her third issue, Appellant argues that there is no evidence to support the
restitution amount ordered. Although Appellant did not object to the
restitution assessment, an objection was not needed at the trial court to
preserve the sufficiency of the evidence for appeal.  See Idowu,
73 S.W.3d at 922.

            As
part of the plea agreement in the possession case, the parties agreed to an
“OPEN PLEA” and “payment of RESTITUTION in the amount of 140 to DPS.”  This
plea agreement was presented to the trial court at the sentencing portion of
the hearing. The trial court stated at the hearing that “reimbursement is
ordered paid . . . in the amount of $140 to the Department of Public Safety.”
The written judgment includes a “reimbursement fee” of $140 payable to DPS. 

            Appellant
argues that because there was no agreed punishment recommendation based on the
open plea in the plea agreement, there was no agreement as to the restitution. 
We disagree. Appellant acknowledged that she voluntarily signed the document
after reading it and understood the document after speaking with her attorney. 
The record shows the trial court assessed reimbursement in Appellant’s
possession case in response to the portion of the plea agreement relating to
restitution. By expressly agreeing to the $140 restitution in the plea
agreement, Appellant showed she clearly understood that the $140 assessment can
be a part of the judgment even if there is no sentencing agreement. See Campbell,
5 S.W.3d at 701-02 (appellant asked in waiver form contained in a written
no-contest plea without sentencing agreement for deferred adjudication with
conditions including restitution; trial court did not grant deferred but did
grant restitution).  Regardless of the language used to categorize the $140
amount, Appellant, by expressly requesting that the trial court assess the
amount of $140 in the plea agreement, waived her right to complain that the
$140 assessment lacked the necessary evidentiary support.  See Kassube,
2010 Tex. App. LEXIS 1442, at *10-11.  Because Appellant has waived this issue,
we overrule her third issue.

 

Disposition

            We
affirm the judgment of the trial court.

                                                                                   Sam Griffith

                                                                                                     
Justice

 

 

 

Opinion
delivered August 17, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1] We note that these
arguments were made to a trial judge as opposed to a jury. Appellant relies on
cases involving arguments made to a jury and does not refer to cases involving
arguments made to a judge.  However, we will assume the same limitations apply
to both jury trials and bench trials. Kennedy v. State, 262
S.W.3d 454, 461 (Tex. App.–Austin 2008), rev’d on other grounds, 297
S.W.3d 338 (Tex. Crim. App. 2009).