# NO. 12-10-00286-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEWEY DYWAIN LANG, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

On the court's own motion, we withdraw our opinion issued on July 29, 2011 and substitute the following opinion in its place.

Dewey Dywain Lang appeals his conviction for possession of a controlled substance. In two issues, Appellant contends that the trial court erroneously ordered that he pay restitution to the Texas Department of Public Safety. We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of less than one gram of methamphetamine and pleaded guilty to the charged offense. The trial court deferred a finding of guilt and placed Appellant on community supervision for a period of four years. The trial court also ordered him to pay $140.00 in restitution to the Texas Department of Public Safety. Approximately four months later, the State filed an application to proceed to final adjudication alleging Appellant violated the terms of his community supervision by possessing or using methamphetamine. After conducting a hearing, the trial court adjudicated Appellant guilty and assessed punishment at imprisonment for twenty years. The court further ordered Appellant to pay the balance remaining of the $140.00 restitution that was part of the original order of deferred

adjudication. This appeal followed.

<h2 style="text-align:center">RESTITUTION</h2>

In his first and second issues, Appellant argues that the trial court abused its discretion in ordering restitution payable to the Texas Department of Public Safety (DPS).

## Applicable Law

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.–Waco 2004, no pet.). An abuse of discretion by the trial court in setting the amount of restitution will implicate due process considerations. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). Due process places three separate limits on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible, and (3) the restitution must be for the victim or victims of the offense for which the offender is charged. *See id.* at 696-97; *Drilling*, 134 S.W.3d at 470; *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.–Texarkana 2002, pet. ref'd). Further, there must be sufficient evidence in the record to support the trial court's order. *Cartwright*, 605 S.W.2d at 289. The standard of proof for determining restitution is a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (Vernon Supp. 2010). The burden of proving the amount of loss sustained by the victim is on the prosecuting attorney. *Id.*

A trial court may not order restitution to be paid to a person who was not a victim of the charged offense. *See Martin v. State*, 874 S.W.2d 674, 677–78 (Tex. Crim. App. 1994); *Montgomery v. State*, 83 S.W.3d 909, 912 (Tex. App.–Eastland 2002, no pet.). In order to preserve error concerning a restitution order, however, a defendant must make a timely and specific objection. TEX. R. APP. P. 33.1(a)(1)(A); *see Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court. . . ."); *see also Lemos v. State*, 27 S.W.3d 42, 47 (Tex. App.–San Antonio 2000, pet. ref'd) (concluding defendant waived complaint). But whether a sufficient factual basis exists for a particular restitution order could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level. *Idowu*, 73 S.W.3d at 922; *see Riggs v. State*, No. 05-05-01689-CR, 2007 Tex. App.

LEXIS 2589, at \*14 (Tex. App.—Dallas Apr. 3, 2007, no pet.) (mem. op., not designated for publication) (defendant could raise sufficiency of evidence supporting restitution order for first time on appeal).

However, conditions of community supervision are terms of a contract entered into between the trial court and the defendant and conditions not objected to are affirmatively accepted as terms of the contract. **Speth v. State**, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). Therefore, failure to object at trial to the imposition of conditions affirmatively waives right to complain on appeal. **Id**. at 534-35. "An appeal from an order revoking community supervision is limited to the propriety of the revocation." **Stafford v. State**, 63 S.W.3d 502, 511 (Tex. App.—Texarkana 2001, pet. ref'd). Further, Article 42.03, Section 2(b) states that the trial court in a revocation "shall enter the restitution or reparation due and owing on the date of the revocation." *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(b).

## Discussion

In his first issue, Appellant argues that the trial court lacked the authority to order restitution to an entity that was not a victim of the charged offense. However, Appellant did not object to the assessment of restitution. Therefore, Appellant failed to preserve his argument on appeal that the trial court lacked the authority to order restitution to the DPS. *See* **Idowu**, 73 S.W.3d at 921; **Lemos**, 27 S.W.3d at 46-47; *see also* TEX. R. APP. P. 33.1. We overrule Appellant's first issue.

In his second issue, Appellant argues that there is no evidence to support the restitution amount ordered. As part of the original plea agreement, Appellant and the State agreed to "DEFERRED ADJUDICATION OF GUILT" for four years and "payment of RESTITUTION in the amount of 140.00 to DPS Lab." In accordance with the plea agreement, the trial court ordered four years of deferred adjudication community supervision and "restitution" of $140.00 payable to DPS. At the revocation hearing four months later, the trial court orally pronounced that Appellant pay the balance of the $140.00 "reimbursement." In the Judgment Adjudicating Guilt, the trial court ordered the "reimbursement fee" made payable to the DPS in the amount of $140.00. The Order of Final Adjudication orders Appellant to pay the DPS $140.00 in "restitution."

The record shows that the amount included in the second judgment is the same as the amount included in the deferred adjudication community supervision terms and conditions. Regardless of the language used by the trial court to categorize the $140.00, Appellant, by signing

3

the terms and conditions, affirmatively accepted this amount in fees as a condition of probation. Any objection to the terms should have been made when Appellant was placed on community supervision. *See Speth*, 6 S.W.3d at 534. Therefore, by failing to object at trial to the conditions, he agreed to pay the $140.00 fee and also waived any error. *See id.* at 534-35. Accordingly, Appellant cannot now complain that the $140.00 is not supported by the evidence. Further, upon revoking Appellant's community supervision, the trial court had no choice but to enter the amount of restitution or reparation due and owing when it signed the written judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(b). We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 17, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4