NO.
12-10-00286-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

DEWEY
DYWAIN LANG,                                §                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

     On
the court’s own motion, we withdraw our opinion issued on July 29, 2011 and substitute
the following opinion in its place.

            Dewey
Dywain Lang appeals his conviction for possession of a controlled
substance.  In two issues, Appellant contends that the trial court erroneously
ordered that he pay restitution to the Texas Department of Public Safety.  We
affirm.

 

Background

            Appellant
was charged by indictment with possession of less than one gram of
methamphetamine and pleaded guilty to the charged offense.  The trial court
deferred a finding of guilt and placed Appellant on community supervision for a
period of four years.  The trial court also ordered him to pay $140.00 in
restitution to the Texas Department of Public Safety.  Approximately four
months later, the State filed an application to proceed to final adjudication
alleging Appellant violated the terms of his community supervision by
possessing or using methamphetamine. After conducting a hearing, the trial
court adjudicated Appellant guilty and assessed punishment at imprisonment for
twenty years. The court further ordered Appellant to pay the balance remaining
of the $140.00 restitution that was part of the original order of deferred
adjudication. This appeal followed.

 

Restitution

            In
his first and second issues, Appellant argues that the trial court abused its
discretion in ordering restitution payable to the Texas Department of Public
Safety (DPS). 

Applicable
Law

An
appellate court reviews challenges to restitution orders under an abuse of
discretion standard.  Cartwright v. State, 605 S.W.2d 287, 289
(Tex. Crim. App. [Panel Op.] 1980); Drilling v. State, 134 S.W.3d
468, 469 (Tex. App.–Waco 2004, no pet.).  An abuse of discretion by the trial
court in setting the amount of restitution will implicate due process
considerations.  Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim.
App. 1999).  Due process places three separate limits on the restitution a
trial court may order: (1) the amount must be just and supported by a factual
basis within the record, (2) the restitution ordered must be only for the
offense for which the defendant is criminally responsible, and (3) the
restitution must be for the victim or victims of the offense for which the
offender is charged.  See id. at 696-97; Drilling,
134 S.W.3d at 470; Cantrell v. State, 75 S.W.3d 503, 512 (Tex.
App.–Texarkana 2002, pet. ref’d). Further, there must be sufficient evidence in
the record to support the trial court’s order.  Cartwright, 605
S.W.2d at 289. The standard of proof for determining restitution is a
preponderance of the evidence.  See Tex.
Code Crim. Proc. Ann. art. 42.037(k) (Vernon Supp. 2010).  The burden of
proving the amount of loss sustained by the victim is on the prosecuting
attorney.  Id.  

            A
trial court may not order restitution to be paid to a person who was not a
victim of the charged offense.  See Martin v. State, 874
S.W.2d 674, 677–78 (Tex. Crim. App. 1994); Montgomery v. State,
83 S.W.3d 909, 912 (Tex. App.–Eastland 2002, no pet.).  In order to
preserve error concerning a restitution order, however, a defendant must make a
timely and specific objection. Tex. R.
App. P. 33.1(a)(1)(A); see Idowu v. State, 73
S.W.3d 918, 921 (Tex. Crim. App. 2002) (“If a defendant wishes to complain
about the appropriateness of (as opposed to the factual basis for) a trial
court’s restitution order, he must do so in the trial court. . . . ”); see
also Lemos v. State, 27 S.W.3d 42, 47 (Tex. App.–San Antonio
2000, pet. ref’d) (concluding defendant waived complaint).  But whether a
sufficient factual basis exists for a particular restitution order could be
considered an evidentiary sufficiency question that need not be preserved by
objection at the trial level. Idowu, 73 S.W.3d at 922; see Riggs
v. State, No. 05-05-01689-CR, 2007 Tex. App. LEXIS 2589, at *14 (Tex.
App.—Dallas Apr. 3, 2007, no pet.) (mem. op., not designated for publication)
(defendant could raise sufficiency of evidence supporting restitution order for
first time on appeal). 

            However,
conditions of community supervision are terms of a contract entered into
between the trial court and the defendant and conditions not objected to are affirmatively
accepted as terms of the contract. Speth v. State, 6 S.W.3d 530,
534 (Tex. Crim. App. 1999). Therefore, failure to object at trial to the
imposition of conditions affirmatively waives right to complain on appeal. Id.
at 534-35. “An appeal from an order revoking community supervision is limited
to the propriety of the revocation.” Stafford v. State, 63 S.W.3d
502, 511 (Tex. App.—Texarkana 2001, pet. ref’d). Further, Article 42.03, Section
2(b) states that the trial court in a revocation “shall enter the restitution
or reparation due and owing on the date of the revocation.”  See Tex. Code Crim. Proc. Ann. art. 42.03,
§ 2(b).

Discussion

            In
his first issue, Appellant argues that the trial court lacked the authority to
order restitution to an entity that was not a victim of the charged offense. 
However, Appellant did not object to the assessment of restitution. Therefore,
Appellant failed to preserve his argument on appeal that the trial court lacked
the authority to order restitution to the DPS. See Idowu,
73 S.W.3d at 921; Lemos, 27 S.W.3d at 46-47; see also Tex. R. App. P. 33.1. We overrule
Appellant’s first issue.

In
his second issue, Appellant argues that there is no evidence to support the
restitution amount ordered. As part of the original plea agreement, Appellant
and the State agreed to “DEFERRED ADJUDICATION OF GUILT” for four years and
“payment of RESTITUTION in the amount of 140.00 to DPS Lab.”  In accordance
with the plea agreement, the trial court ordered four years of deferred
adjudication community supervision and “restitution” of $140.00 payable to DPS.
At the revocation hearing four months later, the trial court orally pronounced
that Appellant pay the balance of the $140.00 “reimbursement.” In the Judgment
Adjudicating Guilt, the trial court ordered the “reimbursement fee” made
payable to the DPS in the amount of $140.00. The Order of Final Adjudication
orders Appellant to pay the DPS $140.00 in “restitution.” 

The
record shows that the amount included in the second judgment is the same as the
amount included in the deferred adjudication community supervision terms and
conditions. Regardless of the language used by the trial court to categorize
the $140.00, Appellant, by signing the terms and conditions, affirmatively
accepted this amount in fees as a condition of probation.  Any objection to the
terms should have been made when Appellant was placed on community supervision.
See Speth, 6 S.W.3d at 534. Therefore, by failing to
object at trial to the conditions, he agreed to pay the $140.00 fee and also
waived any error. See id. at 534-35.  Accordingly,
Appellant cannot now complain that the $140.00 is not supported by the
evidence.  Further, upon revoking Appellant’s community supervision, the trial
court had no choice but to enter the amount of restitution or reparation due
and owing when it signed the written judgment. See Tex. Code Crim. Proc. Ann. art. 42.03,
§ 2(b).  We overrule Appellant’s second issue.

 

Disposition

Having
overruled Appellant’s first and second issues, we affirm the
judgment of the trial court.

                                                                   James
T. Worthen

                                                                                        
Chief Justice

 

 

 

Opinion delivered August 17,
2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(do not publish)