# NO. 12-19-00083-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *APRIL LEAH GONZALES,* *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

April Leah Gonzales appeals her conviction for theft of property. In one issue, Appellant challenges the trial court's restitution order. We affirm.

### BACKGROUND

Appellant was charged by indictment with theft of property in an amount of $100,000.00 or more than but less than $200,000.00. Appellant pleaded "guilty" to the offense, and the matter proceeded to a bench trial on punishment. After hearing the evidence and arguments of counsel, the trial court assessed Appellant's punishment at imprisonment for ten years, suspended for a term of ten years. The trial court further ordered that Appellant pay $214,741.47 in restitution. This appeal followed.

### RESTITUTION

In Appellant's sole issue, she argues that the trial court erred by assessing a restitution amount greater than the range of the offense to which she pleaded "guilty."

**Standard of Review and Applicable Law**

An appellate court reviews a challenge to a restitution order under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). Due

process is implicated when the trial court abuses its discretion in setting the amount of restitution. *See id.* Due process places the following limitations on the restitution a trial court may order: (1) the restitution must be for injuries or damages for which the defendant is criminally responsible, (2) the restitution must be directed to the victim or victims of the offense, and (3) the restitution amount must be just and supported by a factual basis in the record. ***Burt v. State***, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014).

**Analysis**

Appellant does not contend that the amount of restitution ordered is not supported by the evidence, but that it is improper because it exceeds the range of the offense of conviction. In support of her argument, she cites ***Montgomery v. State*** for the proposition that a "trial court may only award restitution to the victim or victims of the offenses for which the defendant has been convicted." 83 S.W.3d 909, 912 (Tex. App.—Eastland 2002, pet. ref'd). Because Appellant disputes the amount rather than the recipient of the restitution, this proposition fails to support Appellant's argument.

In response, the State argues that the restitution amount is proper because the value alleged in a theft does not limit the amount the trial court may order as restitution. In support of this proposition, the State cites ***Campbell v. State***, 5 S.W.3d 693 (Tex. Crim. App. 1999). In ***Campbell***, the appellant was convicted of theft of property valued at $20,000.00 or more but less than $100,000.00. *Id.* at 695. The trial court recommended restitution in the amount of $100,000.00 as a condition of parole. *Id.* On appeal, the appellant argued that the trial court erred because the amount of restitution in a theft conviction is restricted by the upper limit of the property value range of theft for which the person was convicted. *Id.* at 697. The court of criminal appeals disagreed, holding that the only recognized limits on a trial court's authority to order restitution are that (1) the restitution must have a factual basis within the loss of the victim that is reflected in the record, (2) the restitution must be for a crime for which the offender is criminally responsible, and (3) if restitution is ordered for third parties, the third party losses must be adjudicated. *Id.* at 699. The court further explained that the theft amount alleged in an indictment does not form a factual basis for restitution but only affects the question of whether the offense is a felony or misdemeanor. *Id.*

Here, like in ***Campbell***, the amount of restitution ordered exceeds the monetary range indicated in the offense name. However, because the amount of restitution a trial court may order

is not restricted by the range indicated in the offense name, the trial court here did not err by ordering restitution outside the range indicated in the offense name under which Appellant was convicted. *See id.* at 702. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 4, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 4, 2020**

**NO. 12-19-00083-CR**

**APRIL LEAH GONZALES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-16-33035)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*